■ MARTIN ATTARIAN, Appellant, v CUTTING EDGE MARBLE & GRANITE, INC., et al., Respondents. [727 NYS2d 882] —Order, Supreme Court, New York County (Jane Solomon, J.), entered on or about May 1, 2000, which to the extent appealed from, denied plaintiff's motion to vacate the court's prior default order, entered August 16, 1999, which, *inter alia*, dismissed his complaint as against defendant Mark Greenberg Real Estate Company (Greenberg), and dismissed, *sua sponte*, the action as against the defaulting defendants, Cutting Edge Marble & Granite and John Tsiatis, unanimously reversed, on the law, the facts and in the exercise of discretion, without costs, plaintiff's motion to vacate the default order granted, defendant Greenberg's cross motion to dismiss denied, the *sua sponte*

dismissal of the complaint as to the defaulting defendants vacated, and the complaint reinstated as against all of said defendants.

The court improvidently exercised its discretion by failing to vacate its dismissal order and decide plaintiff's motion and defendant Greenberg's cross motion on the merits. Although the court had previously excused plaintiff's default in failing to appear for oral argument on the motion and cross motion, both seeking remedies for failure to comply with the court's discovery order, it nevertheless dismissed the complaint as against Greenberg. Plaintiff subsequently demonstrated compliance with the discovery order and that his cause of action was meritorious, and asserted his reliance on his motion papers as a response to the cross motion. Thus, vacatur and determination on the merits, in accordance with our State's public policy (*see, Silverio v City of New York*, 266 AD2d 129; *Santora & McKay v Mazzella*, 211 AD2d 460, 463; *Scott v Allstate Ins. Co.*, 124 AD2d 481, 484), would have been the fairer course of action. Moreover, plaintiff never abandoned the action; ironically, it was his effort to seek the assistance of the court in prosecuting the action that led to the dismissals.

The *sua sponte* dismissal of the remainder of the action, due to plaintiff's failure to file a note of issue, should have also been vacated. The initial precondition for dismissal on this ground (*see,* CPLR 3216 [b]) was not met, since there was no joinder of issue as to the remaining defendants, who had not served answers in the action (*see, Baczkowski v Collins Constr. Co.*, 89 NY2d 499, 502-503; *Smith v Sheen*, 216 AD2d 147). Concur—Williams, J. P., Tom, Mazzarelli, Lerner and Rubin, JJ.