599

■ Hyacinth Danne, Respondent, v Otis Elevator Corporation, Defendant, and Cushman & Wafefield, Inc., Appellant. [819 NYS2d 79]—

In an action to recover damages for personal injuries, the defendant Cushman & Wakefield, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (LeVine, J.), dated August 23, 2005, as denied that branch of its motion which was to dismiss the complaint insofar as asserted against it pursuant to 22 NYCRR 202.27.

Ordered that the order is affirmed insofar as appealed from, with costs.

On January 18, 2005 both remaining parties in this case were scheduled to appear for jury selection and trial on the issue of damages. On that date, both parties did in fact appear, but the plaintiff's counsel of record advised the court that it could not proceed with the trial because of a recently-discovered conflict of interest that required the plaintiff to retain new counsel. The case was then marked off the trial calendar pursuant to CPLR 3404 and the note of issue was vacated.

The appellant subsequently moved, inter alia, to dismiss the complaint insofar as asserted against it pursuant to 22 NYCRR 202.27 on the ground that the plaintiff had failed, on January 18, 2005, to declare her readiness to proceed to trial. By order dated August 23, 2005, the Supreme Court denied the motion. We affirm the order insofar as appealed from.

Pursuant to 22 NYCRR 202.27 (b), an action may be dismissed "[i]f the defendant appears [at any scheduled call of a calendar] but the plaintiff does not." Where, as here, both parties appeared as scheduled, the foregoing rule provides no basis for the court to summarily dismiss the action. Moreover, at the time the appellant's motion was made, the court had marked the case off the trial calendar—thus restoring it to pre-note of issue status. Under such circumstances, the appellant's request for dismissal could be made only pursuant to CPLR 3216 after service of the requisite 90-day demand.

Accordingly, the court properly denied that branch of the appellant's motion which was to dismiss the complaint insofar as

asserted against it pursuant to 22 NYCRR 202.27. Adams, J.P., Goldstein, Fisher and Lifson, JJ., concur.