SECOND DEPARTMENT, AUGUST, 2013

(August 7, 2013)

MICHAEL ARMOUTH-LEVY, Appellant, v NEW YORK CITY, Respondent. [969 NYS2d 911]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Velasquez, J.), dated April 20, 2011, which granted the defendant's motion to dismiss the complaint for failure to prosecute.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion to dismiss the complaint for failure to prosecute is denied.

The defendant's motion to dismiss the complaint based on the inordinate and prejudicial delay in prosecuting the action should have been denied. CPLR 3216 permits a court to dismiss an action for failure to prosecute only after the court or the defendant has served the plaintiff with a written demand requiring the plaintiff to resume prosecution of the action and to serve and file a note of issue within 90 days after receipt of the demand, and also stating that the failure to comply with the demand will serve as the basis for a motion to dismiss the action. Here, the Supreme Court did not possess the power to dismiss this pre-note of issue action on the ground of a general lack of prosecution since the plaintiff had not received a 90-day demand pursuant to CPLR 3216 (b) requiring the plaintiff to serve and file a note of issue (*see Chase v Scavuzzo*, 87 NY2d 228, 233 [1995]; *Airmont Homes v Town of Ramapo*, 69 NY2d 901, 902 [1987]; *Cohn v Borchard Affiliations*, 25 NY2d 237, 246 [1969]; *Arroyo v Board of Educ. of City of N.Y.*, 110 AD3d 17 [2013]; *Docteur v Interfaith Med. Ctr.*, 90 AD3d 814, 815 [2011]; *Maspeth Fed. Sav. & Loan Assn. v Simon-Erdan*, 67 AD3d 750, 751 [2009]; *Dominique v Flushing Hosp. Med. Ctr.*, 22 AD3d 789 [2005]). Accordingly, the defendant's motion to dismiss the complaint for failure to prosecute should have been denied. Dillon, J.P., Balkin, Chambers and Austin, JJ., concur.