# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

238

CA 13-01639

PRESENT: SCUDDER, P.J., SMITH, CARNI, LINDLEY, AND SCONIERS, JJ.

---

MIDFIRST BANK, PLAINTIFF-APPELLANT,

V                                          MEMORANDUM AND ORDER

ANDREW J. BELLINGER, CARRIE L. BELLINGER,
DEFENDANTS-RESPONDENTS,
ET AL., DEFENDANTS.

---

FRENKEL LAMBERT WEISS, WEISMAN & GORDON, LLP, BAY SHORE (MICHELLE MACCAGNANO OF COUNSEL), FOR PLAINTIFF-APPELLANT.

-------------------------------------------------------------------------------

Appeal from an order and judgment (one paper) of the Supreme Court, Onondaga County (James P. Murphy, J.), entered May 30, 2013. The order and judgment denied the motion of plaintiff to vacate an order and judgment of dismissal dated December 19, 2012.

It is hereby ORDERED that the order and judgment so appealed from is unanimously reversed on the law without costs, the motion to vacate the order and judgment dated December 19, 2012 is granted, that order and judgment is vacated, the complaint is reinstated and plaintiff is granted 30 days from service of the order of this Court with notice of entry to file and serve either a motion or an ex parte application, as appropriate, for a judgment of foreclosure and sale.

Memorandum: Plaintiff commenced this action in February 2012 to foreclose on a mortgage that was secured by property owned by Andrew J. and Carrie L. Bellinger (defendants). Defendants failed to answer or appear, and in July 2012 plaintiff moved for an order of reference pursuant to RPAPL 1321. Supreme Court granted plaintiff's motion and issued an order of reference, entered August 31, 2012, directing the Referee to file his report on or before November 1, 2012. The order of reference further directed plaintiff to "submit either a Motion or [an] Ex Parte Application, as appropriate, for a Judgment of Foreclosure and Sale" on or before December 15, 2012. The order of reference provided that plaintiff's failure to submit a motion or an ex parte application by that date would be "deemed an abandonment of the action pursuant to 22 NYCRR [] 202.48 and shall result in the Court's dismissal of the complaint." Plaintiff failed to submit a motion or an ex parte application by December 15, 2012. By order and judgment dated December 19, 2012 (dismissal order), the court dismissed plaintiff's complaint sua sponte. The Referee did not issue his report until February 1, 2013. Plaintiff moved to vacate the dismissal order, arguing, inter alia, that 22 NYCRR 202.48 was inapplicable and that the order of reference provided plaintiff with

no recourse to avoid dismissal of the complaint if the Referee had not yet submitted his report as of December 15, 2012. By the order and judgment on appeal, the court denied plaintiff's motion to vacate the dismissal order. We reverse.

We note at the outset that we agree with plaintiff that its time to take an appeal from the dismissal order has not yet expired because the court, rather than a party, served the dismissal order on plaintiff (*see* CPLR 5513 [a]; Siegel, NY Prac § 533 at 948 [5th ed 2011]). That is of no practical consequence, however, because plaintiff did not attempt to appeal directly from the dismissal order nor, in any event, could plaintiff do so inasmuch as the dismissal order is an ex parte order from which no appeal lies as of right (*see* CPLR 5701 [a] [2]; *Sholes v Meagher*, 100 NY2d 333, 335; *People ex rel. De Capua v Lape*, 17 AD3d 1041, 1042). Rather, plaintiff used the appropriate procedural mechanism to seek review of the dismissal order by moving, upon notice, to vacate the dismissal order and appealing as of right to this Court from the order and judgment denying that motion (*see* CPLR 5701 [a] [3]; *Sholes*, 100 NY2d at 335). We agree with plaintiff that this appeal brings up for review the order of reference as a non-final order that necessarily affected the final order and judgment on appeal (*see* CPLR 5501 [a] [1]).

Contrary to plaintiff's contention, the court was not required to comply with CPLR 3216 before dismissing the complaint inasmuch as, by its terms, CPLR 3216 applies only when issue has been joined in the action (*see* CPLR 3216 [b] [1]; *Attarian v Cutting Edge Marble & Granite*, 285 AD2d 432, 433). Nevertheless, we agree with plaintiff that the court erred in dismissing the complaint sua sponte pursuant to 22 NYCRR 202.48. That rule provides that "[p]roposed orders or judgments . . . must be submitted for signature, unless otherwise directed by the court, within 60 days after the signing and filing of the decision directing that the order be settled or submitted . . . Failure to submit the order or judgment timely shall be deemed an abandonment of the motion or action, unless for good cause shown" (22 NYCRR 202.48 [a], [b]). As the Court of Appeals wrote, "[b]y its plain terms, section 202.48 (a) speaks to the circumstances where the court's decision expressly directs a party to submit or settle an order or judgment" (*Funk v Barry*, 89 NY2d 364, 367). Thus, the Court held that "the 60-day period applies only where the court explicitly directs that the proposed judgment or order be settled or submitted for signature" (*id.* at 365). Here, the order of reference did not explicitly direct plaintiff to settle or submit an order or judgment for signature. Rather, it directed plaintiff to submit a "Motion or [an] Ex Parte Application" seeking a judgment of foreclosure and sale. We therefore conclude that the court erred in dismissing the complaint in reliance on 22 NYCRR 202.48 (*see Funk*, 89 NY2d at 365; *Shamshovich v Shvartsman*, 110 AD3d 975, 976-977; *Chang v Botsacos*, 92 AD3d 610, 610). We note in any event that " '[u]se of the [sua sponte] power of dismissal must be restricted to the most extraordinary circumstances,' and no such extraordinary circumstances are present in this case" (*Hurd v Hurd*, 66 AD3d 1492, 1493).

We do not address plaintiff's further contention that the court

erred in relying on CPLR 3215 in dismissing the complaint inasmuch as the court did not in fact rely upon that statute.  Consequently, we conclude that the court erred in denying plaintiff's motion to vacate the dismissal order, and we therefore reverse the order and judgment, grant the motion, vacate the dismissal order, and reinstate the complaint.  We further direct plaintiff to "submit [to Supreme Court] either a Motion or [an] Ex Parte Application, as appropriate, for a Judgment of Foreclosure and Sale" within 30 days of service of the order of this Court with notice of entry.

Entered:  May 9, 2014                          Frances E. Cafarell
                                               Clerk of the Court