■ U.S. BANK NATIONAL ASSOCIATION, Appellant, v NORA BASSETT, Respondent, et al., Defendants. [28 NYS3d 109]—

In an action to foreclose a mortgage, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Knipel, J.), dated May 28, 2015, as denied that branch of its motion which was to vacate an order of the same court dated November 12, 2013, conditionally dismissing the action pursuant to CPLR 3216 and to restore the action to the calendar.

Ordered that the order dated May 28, 2015 is reversed insofar as appealed from, on the law, with costs, and that branch of the plaintiff's motion which was to vacate the order dated November 12, 2013 conditionally dismissing the action pursuant to CPLR 3216 and to restore the action to the calendar is granted.

The plaintiff commenced this action in May 2007 to foreclose a mortgage. The defendants failed to answer, and the plaintiff moved in June 2007 for an order of reference. In February 2008, the Supreme Court granted the plaintiff's motion for leave to enter a default judgment. By order dated November 12, 2013, the court conditionally dismissed the action pursuant to CPLR 3216 unless the plaintiff filed a note of issue or otherwise proceeded by motion for entry of a judgment within 90 days of the order. In October 2014, a special referee issued a report of the amount due and owing. In November 2014, the plaintiff moved, inter alia, to vacate the conditional order of dismissal and to restore the action to the calendar. In an order dated May 28, 2015, the court denied that branch of the plaintiff's motion which was to vacate the November 2013 order and to restore the action to the court calendar. The plaintiff appeals.

The Supreme Court was without power to dismiss the action on the ground of a general lack of prosecution since a precondition set forth in CPLR 3216—that issue must have been joined—was not met (*see Midfirst Bank v Bellinger*, 117 AD3d 1520, 1521 [2014]; *Maspeth Fed. Sav. & Loan Assn. v Simon-Erdan*, 67 AD3d 750, 751 [2009]). The defendants had not served answers in the action so issue had never been joined (*see Attarian v Cutting Edge Marble & Granite*, 285 AD2d 432, 433 [2001]; *Smith v Sheen*, 216 AD2d 147 [1995]).

Although the plaintiff raises this issue for the first time on appeal, it involves a question of law that appears on the face of the record, and could not have been avoided if brought to the attention of the Supreme Court (*see Guy v Hatsis*, 107 AD3d 671, 671-672 [2013]; *Michaels v Sunrise Bldg. & Remodeling, Inc.*, 65 AD3d 1021, 1024 [2009]; *Chrostowski v Chow*, 37 AD3d 638, 639 [2007]; *Beepat v James*, 303 AD2d 345, 346 [2003]). Accordingly, we reach the issue and determine that the branch of the plaintiff's motion which was to vacate the order conditionally dismissing the action pursuant to CPLR 3216 and to restore the action to the calendar should have been granted.

There also was no basis to dismiss the action as abandoned pursuant to CPLR 3215 (c) as the plaintiff initiated proceedings for entry of a judgment within one year of the defaults (*see Wells Fargo Bank, N.A. v Combs*, 128 AD3d 812, 813 [2015]; *HSBC Bank USA, N.A. v Alexander*, 124 AD3d 838, 839 [2015]; *Klein v St. Cyprian Props., Inc.*, 100 AD3d 711, 712 [2012]; *Home Sav. of Am., F.A. v Gkanios*, 230 AD2d 770, 770-771 [1996]).

Accordingly, the Supreme Court should have granted that branch of the plaintiff's motion which was to vacate the order dated November 12, 2013 conditionally dismissing the action pursuant to CPLR 3216 and to restore the action to the calendar. Leventhal, J.P., Dickerson, Duffy and LaSalle, JJ., concur.