■ DOWNEY SAVINGS AND LOAN ASSOCIATION, F.A., Appellant, v DENIS ARIBISALA et al., Defendants, and LESLIE WINDSOR et al., Respondents. [47 NYS3d 413]—

In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Knipel, J.), dated May 28, 2015, which denied that branch of its motion which was to vacate an order of the same court dated July 23, 2013, conditionally dismissing the action pursuant to CPLR 3216, and, in effect, denied, as academic, that branch of its motion which was for a judgment of foreclosure and sale.

Ordered that the order dated May 28, 2015, is reversed, on the law, with costs, that branch of the plaintiff's motion which was to vacate the order dated July 23, 2013, is granted, and the matter is remitted to the Supreme Court, Kings County, for a determination on the merits of that branch of the plaintiff's motion which was for a judgment of foreclosure and sale.

The plaintiff commenced this action to foreclose a mortgage. After the defendants failed to answer, the plaintiff obtained an order of reference dated September 9, 2009. In an order dated July 23, 2013, the Supreme Court, on its own initiative, conditionally dismissed the action for want of prosecution pursuant to CPLR 3216. The plaintiff's counsel later claimed that counsel's office "was not notified of any disposition or dismissal conference much less the . . . order dated July 23, 2013." Subsequently, the plaintiff moved to vacate the order dated July 23, 2013, and for a judgment of foreclosure and sale. In an order dated May 28, 2015, the court denied that branch of the plaintiff's motion which was to vacate the order

dated July 23, 2013, and, in effect, denied, as academic, that branch of its motion which was for a judgment of foreclosure and sale. The plaintiff appeals.

The Supreme Court should have granted that branch of the plaintiff's motion which was to vacate the order dated July 23, 2013, conditionally dismissing the action pursuant to CPLR 3216. CPLR 3216 permits dismissal of a party's pleading where certain conditions precedent have been complied with. Here, however, where issue was not joined, at least one precondition set forth in CPLR 3216 was not met, and the court was therefore without power to dismiss the action pursuant to CPLR 3216 (*see U.S. Bank N.A. v Bassett*, 137 AD3d 1109, 1110 [2016]; CPLR 3216 [b] [1]; *see also Chase v Scavuzzo*, 87 NY2d 228, 233 [1995]; *Maspeth Fed. Sav. & Loan Assn. v Simon-Erdan*, 67 AD3d 750, 751 [2009]).

Since the Supreme Court did not consider the merits of that branch of the plaintiff's motion which was for a judgment of foreclosure and sale, the matter must be remitted to the Supreme Court, Kings County, for a determination on the merits of that branch of the motion (*see Willis v City of New York*, 113 AD3d 674, 675 [2014]). Balkin, J.P., Leventhal, Roman and LaSalle, JJ., concur.