■ Deutsche Bank National Trust Company, as Trustee for First Franklin Mortgage Loan Trust 2006-FF16, Asset-Backed Certificates, Series 2006-FF16, Respondent, v Lynden Hall, Appellant, et al., Defendants. [49 NYS3d 910]—

In an action to foreclose a mortgage, the defendant Lynden Hall appeals from an order of the Supreme Court, Kings

County (Bayne, J.), dated March 2, 2016, which granted the plaintiff's motion to vacate the dismissal of the complaint pursuant to CPLR 3216 and to restore the action to the active calendar.

Ordered that the order is affirmed, with costs.

In 2009, the plaintiff commenced this foreclosure action against, among others, the defendant mortgagor Lynden Hall (hereinafter the defendant). The defendant neither served an answer nor made a motion in response to the complaint at any point relevant to this appeal. Subsequently, on October 8, 2013, the Supreme Court issued a conditional order of dismissal pursuant to CPLR 3216 which recited that unless the plaintiff filed a note of issue or moved for entry of judgment within 90 days, the complaint would be dismissed. It is undisputed that the action was subsequently marked dismissed. Thereafter, the plaintiff, asserting that it never received notice of either the conditional order of dismissal or the subsequent dismissal, moved to vacate the dismissal and to restore the action to the active calendar, contending, inter alia, that dismissal pursuant to CPLR 3216 was inappropriate because issue was never joined in the action. The court granted the motion, and the defendant appeals.

While CPLR 3216 authorizes the dismissal of a complaint for neglect to prosecute, joinder of issue and service of a 90-day notice are conditions precedent to a dismissal under that statute (*see* CPLR 3216 [b]; *Baczkowski v Collins Constr. Co.*, 89 NY2d 499, 503 [1997]; *Arroyo v Board of Educ. of City of N.Y.*, 110 AD3d 17, 18 [2013]; *Lopez v Imperial Delivery Serv.*, 282 AD2d 190, 194 [2001]; *see generally Cadichon v Facelle*, 18 NY3d 230 [2011]). Here, dismissal was improper, as issue was never joined in the action (*see* CPLR 3216 [b] [1]; *Dailey v Smiley*, 65 AD2d 915 [1978]; *Gorton v Nelson*, 39 AD2d 799 [1972]). Accordingly, the Supreme Court properly granted the plaintiff's motion and restored the action to the active calendar.

The defendant's contention that the order actually dismissed the complaint as abandoned pursuant to CPLR 3215 (c) is without merit since, by its express terms, the order was made pursuant to CPLR 3216 rather than CPLR 3215 (c). In any event, the plaintiff moved for an order of reference in the action shortly after the defendant's default, thereby timely initiating proceedings for a default judgment so as to preclude dismissal pursuant to CPLR 3215 (c) (*see Aurora Loan Servs., LLC v Gross*, 139 AD3d 772, 773-774 [2016]; *GMAC Mtge., LLC v Todaro*, 129 AD3d 666, 667 [2015]; *Wells Fargo Bank, N.A. v Combs*, 128 AD3d 812, 813 [2015]).

The defendant's remaining contentions are either not properly before this Court or without merit. Mastro, J.P., Leventhal, Barros and Brathwaite Nelson, JJ., concur.