WELLS FARGO BANK, N.A., Doing Business as AMERICA'S SERVICING COMPANY, Appellant, v MELIDA M. PINARGOTE, Respondent, et al., Defendants. [52 NYS3d 907]—

In an action to foreclose a mortgage, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Knipel, J.), dated March 19, 2015, as denied those branches of its motion which were, in effect, to vacate an order of the same court dated September 24, 2013, which conditionally dismissed the action pursuant to CPLR 3216, and to restore the action to the calendar.

Ordered that the order dated March 19, 2015, is reversed insofar as appealed from, on the law, with costs, and those branches of the plaintiff's motion which were, in effect, to vacate the order dated September 24, 2013, and to restore the action to the calendar are granted.

The plaintiff commenced this action to foreclose a mortgage. After the defendants failed to answer, the plaintiff obtained an order of reference dated December 17, 2007. In an order dated September 24, 2013, the Supreme Court conditionally dismissed the action for want of prosecution pursuant to CPLR 3216. The action was thereafter administratively dismissed on July 10, 2014. Subsequently, the plaintiff moved, inter alia, in effect, to vacate the conditional order of dismissal and to restore the action to the calendar. In an order dated March 19, 2015, the court denied the motion. We reverse insofar as appealed from.

CPLR 3216 permits dismissal of a party's pleading where certain conditions precedent have been met. Here, issue was never joined and, thus, at least one such condition precedent was lacking (see CPLR 3216 [b] [1]). As a consequence, the Supreme Court was without authority to dismiss the action pursuant to CPLR 3216 (see Downey Sav. & Loan Assn., F.A. v Aribisala, 147 AD3d 911 [2017]; U.S. Bank N.A. v Bassett, 137 AD3d 1109, 1110 [2016]).

Accordingly, those branches of the plaintiff's motion which were, in effect, to vacate the conditional order of dismissal dated September 24, 2013, and to restore the action to the calendar must be granted.

The parties' remaining contentions either are without merit, are improperly raised for the first time on appeal, or need not be reached in light of our determination. Chambers, J.P., Roman, Miller and Connolly, JJ., concur.

Motion by the respondent Melida M. Pinargote to dismiss an appeal from an order of the Supreme Court, Kings County, dated March 19, 2015, on the ground that no appeal lies from an order denying reargument. By decision and order on motion dated November 30, 2015, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeal, it is

Ordered that the motion is denied.