■ NEW CENTURY MORTGAGE CORPORATION, Appellant, v BRIAN DAVIS et al., Defendants. [90 NYS3d 435]—

Appeal by the plaintiff from an order of the Supreme Court, Kings County (Robin S. Garson, J.), dated December 2, 2015. The order denied the plaintiff's motion to vacate an order of

that court (Lawrence Knipel, J.) dated February 18, 2014, which conditionally dismissed the action pursuant to CPLR 3216, and to restore the action to the calendar, and directed the dismissal of the action.

Ordered that the order dated December 2, 2015, is reversed, on the law, without costs or disbursements, and the plaintiff's motion to vacate the order dated February 18, 2014, and to restore the action to the calendar is granted.

The plaintiff commenced this action to foreclose a mortgage. After the defendants failed to answer, the plaintiff obtained an order of reference dated August 9, 2006. In an order dated January 7, 2013, the Supreme Court granted that branch of the plaintiff's motion which was to vacate the order of reference but denied that branch of the motion which was for a new order of reference. In an order dated February 18, 2014, the court conditionally dismissed the action for want of prosecution pursuant to CPLR 3216. The action was thereafter administratively dismissed on June 5, 2014. Subsequently, the plaintiff moved to vacate the conditional order of dismissal dated February 18, 2014, and to restore the action to the calendar. In an order dated December 2, 2015, the court denied the motion and "dismissed" the action. The plaintiff appeals, and we reverse.

CPLR 3216 permits dismissal of a party's pleading where certain conditions precedent have been met (*see Wells Fargo Bank, N.A. v Pinargote*, 150 AD3d 1311, 1311 [2017]). Here, issue was never joined and, thus, at least one such condition precedent was lacking (*see* CPLR 3216 [b] [1]; *Wells Fargo Bank, N.A. v Pinargote*, 150 AD3d at 1311; *Deutsche Bank Natl. Trust Co. v Hall*, 149 AD3d 803, 804 [2017]; *Downey Sav. & Loan Assn., F.A. v Aribisala*, 147 AD3d 911, 912 [2017]; *U.S. Bank N.A. v Bassett*, 137 AD3d 1109, 1110 [2016]). As a consequence, the Supreme Court was without authority to dismiss the action pursuant to CPLR 3216 (*see Wells Fargo Bank, N.A. v Pinargote*, 150 AD3d at 1311; *Downey Sav. & Loan Assn., F.A. v Aribisala*, 147 AD3d at 912; *U.S. Bank N.A. v Bassett*, 137 AD3d at 1110).

Accordingly, the Supreme Court should have granted the plaintiff's motion to vacate the conditional order of dismissal dated February 18, 2014, and to restore the action to the calendar. Rivera, J.P., Dillon, Connolly and Iannacci, JJ., concur.