In an action to foreclose a mortgage, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Knipel, J.), dated July 30, 2015, as denied those branches of its motion which were to vacate an order of the same court dated March 4, 2014, conditionally dismissing the action pursuant to CPLR 3216 and to restore the action to the calendar.
 

 Ordered that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the plaintiff’s motion which were to vacate the order dated March 4, 2014, conditionally dismissing the action pursuant to CPLR 3216 and to restore the action to the calendar are granted.
 

 The plaintiff commenced this action in August 2009 to foreclose a mortgage. The defendants did not appear in the action or answer the complaint. The plaintiff moved for an order of reference, which the Supreme Court granted in April 2011. Thereafter, on two separate occasions, in March 2013 and August 2013, the plaintiff moved for a judgment of foreclosure and sale, but both motions were marked off the calendar due to the failure of the plaintiff’s counsel to appear on the return dates of the motions.
 

 Subsequently, by order dated March 4, 2014, the Supreme Court conditionally dismissed the action pursuant to CPLR 3216 unless the plaintiff filed a note of issue or otherwise moved for entry of a judgment within 90 days. The action was thereafter administratively dismissed on July 31, 2014.
 

 In September 2014, the plaintiff moved, inter alia, to vacate the conditional order of dismissal and to restore the action to the calendar. In an order dated July 30, 2015, the Supreme Court denied the plaintiff’s motion, finding that the plaintiff failed to present a reasonable excuse for not complying with the conditional 90-day order to dismiss and that the delay since the time that the referee was appointed was substantial. The plaintiff appeals from so much of the order as denied those branches of its motion which were to vacate the conditional order of dismissal and to restore the action to the calendar.
 

 CPLR 3216 authorizes the dismissal of a complaint for neglect to prosecute provided that certain statutory conditions precedent are met, such as issue having been joined in the action (see CPLR 3216 [b]; Baczkowski v Collins Constr. Co., 89 NY2d 499, 503 [1997]). Here, dismissal of the action pursuant to the March 2014 conditional order was improper, as issue was never joined inasmuch as none of the defendants served an answer to the complaint (see CPLR 3216 [b] [1]; Wells Fargo Bank, N.A. v Pinargote, 150 AD3d 1311 [2017]; Deutsche Bank Natl. Trust Co. v Hall, 149 AD3d 803, 804 [2017]; U.S. Bank N.A. v Bassett, 137 AD3d 1109, 1110 [2016]). Since at least one precondition set forth in CPLR 3216 was not met here, the Supreme Court was without power to dismiss the action pursuant to that statute (see Wells Fargo Bank, N.A. v Pinargote, 150 AD3d 1311 [2017]; Downey Sav. & Loan Assn., F.A. v Aribisala, 147 AD3d 911, 912 [2017]).
 

 Although the plaintiff did not raise, until its reply papers, the argument that this action was improperly dismissed pursuant to CPLR 3216 because issue had not been joined, we may consider it on appeal since the reply papers did not present new facts but only raised an issue of law which appeared on the face of the record and could not have been avoided if brought to the attention of the Supreme Court at the proper juncture (see Clavijo v Universal Baptist Church, 76 AD3d 990, 991-992 [2010]; Jones v Geoghan, 61 AD3d 638, 639-640 [2009]).
 

 Accordingly, the Supreme Court improperly denied those branches of the plaintiff’s motion which were to vacate the conditional order of dismissal and to restore the action to the calendar.
 

 In light of our determination, we need not reach the plaintiff’s remaining contentions.
 

 Rivera, J.P., Leventhal, Austin and Christopher, JJ., concur.