Appeal from an order of the Supreme Court, Kings County (Lawrence Knipel, J), dated March 3, 2016. The order, insofar as appealed from, in effect, granted that branch of the plaintiff’s motion which was to vacate an order of that court dated October 24, 2013, conditionally dismissing the action pursuant to CPLR 3216.
 

 Ordered that the order dated March 3, 2016, is affirmed insofar as appealed from, with costs.
 

 In this action to foreclose a mortgage, the Supreme Court issued an order dated October 24, 2013, conditionally dismissing the action unless the plaintiff “file [d] a note of issue or otherwise proceed [ed] by motion for entry of judgment within 90 days.” Thereafter, the plaintiff moved, inter alia, to vacate the conditional order. By order dated March 3, 2016, the Supreme Court, among other things, in effect, granted that branch of the plaintiff’s motion which was to vacate the conditional order. The defendant Daniel Augustin (hereinafter the defendant) appeals.
 

 Courts are prohibited from dismissing an action pursuant to CPLR 3216 based on neglect to prosecute unless the statutory preconditions to dismissal are met (see Baczkowski v Collins Constr. Co., 89 NY2d 499, 503 [1997]; Alli v Baijnath, 101 AD3d 771, 771 [2012]; Neary v Tower Ins., 94 AD3d 723, 724 [2012]; Banik v Evy Realty, LLC, 84 AD3d 994, 996 [2011]). Specifically, issue must have been joined; at least one year must have elapsed since joinder of issue; the defendant or the court must have served on the plaintiff a written demand to serve and file a note of issue within 90 days; and plaintiff must have failed to serve and file a note of issue within the 90-day period (see CPLR 3216 [b]; Baczkowski v Collins Constr. Co., 89 NY2d at 503).
 

 Here, the initial statutory precondition was not met, as none of the defendants served an answer and, therefore, there was no joinder of issue (see CPLR 3216 [b] [1]; see also 115-41 St. Albans Holding Corp. v Estate of Harrison, 71 AD3d 653, 653 [2010]; Attarian v Cutting Edge Marble & Granite, 285 AD2d 432, 433 [2001]). Accordingly, that branch of the plaintiff’s motion which was to vacate the conditional order of dismissal dated October 24, 2013, was properly granted, as the court lacked authority to dismiss the action pursuant to CPLR 3216 (see Wells Fargo Bank, N.A. v Pinargote, 150 AD3d 1311, 1311 [2017]; Deutsche Bank Natl. Trust Co. v Hall, 149 AD3d 803, 804 [2017]; Downey Sav. & Loan Assn., F.A. v Aribisala, 147 AD3d 911, 911 [2017]; U.S. Bank N.A. v Bassett, 137 AD3d 1109, 1110 [2016]).
 

 In view of our determination, we need not address the parties’ remaining contentions.
 

 Leventhal, J.P., Austin, Cohen and Brathwaite Nelson, JJ., concur.