OPINION OF THE COURT Robert F. Quinlan, J. It is ordered that this motion by plaintiff Wells Fargo Bank, N.A., as Trustee for Option One Mortgage Loan Trust 2007-6, Asset Backed Certificates, Series 2007-6, for an order pursuant to RPAPL 1351 granting a judgment of foreclosure and approving plaintiffs request for attorney’s fees and associated relief is granted; and it is further ordered that plaintiff shall serve the notice of the foreclosure sale and any adjournments upon the Supreme Court Calendar Clerk; and it is further ordered that the referee complete and file the Suffolk County Foreclosure Action Surplus Monies form with the Supreme Court Calendar Clerk and the Suffolk County Clerk within 30 days of the foreclosure sale; and it is further ordered that the referee submit proof of deposit of any surplus monies with the County Comptroller with the Supreme Court Calendar Clerk and the Suffolk County Clerk within 30 days of the closing of title; and it is further ordered that the referee may make an application for additional fees, by letter to the court, as a result of any adjournments of the sale, providing proof of compliance with 22 NYCRR part 36 including the filing of USC forms 872 and 875; and it is further ordered that pursuant to RPAPL 1351 (1) the mortgaged premises are to be sold under the direction of the referee within 90 days of the date of this order. This is an action to foreclose a mortgage on residential real property located at 107 McKinley Street, Brentwood, Suffolk County, New York given by defendants Christian and Rosita Vazquez (defendants) on March 27, 2007 to Option One Mortgage Corporation to secure a note given by defendant Christian Vazquez to Option One on the same day. Upon defendants’ default in payment under the terms of the mortgage and note, plaintiff Wells Fargo Bank, N.A., as Trustee for Option One Mortgage Loan Trust 2007-6, Asset Backed Certificates, Series 2007-6, a successor in interest to Option One, commenced this action on November 1, 2007 by filing a summons, complaint and notice of pendency with the Suffolk County Clerk. Personal service of those papers, as well as other documents required to be served upon defendants by law, was made upon defendants on November 6, 2007. Neither defendant appeared or filed an answer. Plaintiff filed a motion for appointment of a referee pursuant to RPAPL 1321 upon defendants’ default in answering on February 5, 2008, which was granted by the court signing plaintiff’s “long form” order dated July 14, 2008 (MacKenzie, J.). Plaintiff’s original counsel (Steven J. Baum, P.C.) appears to have taken no further action, and eventually the action was “purged” from the court’s inventory by the clerk’s office on December 30, 2014 for inactivity. In the interim, it appears that plaintiff’s present counsel became involved, sent a copy of the order of reference and documents in support of the referee’s report to the referee, who issued her report on October 31, 2014 (see plaintiff’s exhibit A), but still waited until June 2016 to file this motion. Defendants, without moving to vacate their default in answering, oppose the motion, as does defendant judgment creditor Debra Falsone. As Justice MacKenzie is no longer available to hear foreclosure actions, her foreclosure inventory (Part 22) was transferred by administrative order of District Administrative Judge C. Randall Hinrichs to Part 27 in June of 2016. After submission on August 17, 2016, the motion was assigned to this Part and scheduled for oral argument on March 7, 2017. Upon counsel agreeing to adjourn the oral argument, the court removed it from its oral argument calendar and instead determined to prepare a written decision. In their opposition, defendants acknowledge their default in answering, but claim that as plaintiff failed to move for an order pursuant to CPLR 3215 for over a year after their default, and is now moving more than eight years after their default, plaintiff’s motion should be denied and the complaint dismissed pursuant to the requirements of CPLR 3215 (c). Defendants misinterpret the law and the facts as they apply to this case. The facts show that plaintiff timely moved for an order of reference upon defendants’ default in answering by moving pursuant to RPAPL 1321 for an order of reference on February 5, 2008. Even if that motion had later been withdrawn, that act has been held to be enough to comply with the provisions of CPLR 3215 (c) and requires defendants’ claim for mandatory dismissal pursuant to CPLR 3215 (c) to be denied (see GMAC Mtge., LLC v Todaro, 129 AD3d 666 [2d Dept 2015]; Wells Fargo Bank, N.A. v Combs, 128 AD3d 812 [2d Dept 2015]; HSBC Bank USA, N.A. v Alexander, 124 AD3d 838 [2d Dept 2015]; US Bank N.A. v Dorestant, 131 AD3d 467 [2d Dept 2015]; Banc of Am. Mtge. Capital Corp. v Hasan, 138 AD3d 903 [2d Dept 2016]; US Bank N.A. v Konstantinovic, 147 AD3d 1002 [2d Dept 2017]; State of N.Y. Mtge. Agency v Linkenberg, 150 AD3d 1035 [2d Dept 2017]; Wells Fargo Bank, N.A. v Lilley, 154 AD3d 795 [2d Dept 2017]; Wells Fargo Bank, N.A. v Mayen, 155 AD3d 811 [2d Dept 2017]). But, here, plaintiff never withdrew its motion and instead obtained the order from Justice MacKenzie appointing a referee to compute. Although the “long form” order submitted by plaintiff’s former counsel, and signed by Justice MacKenzie, may not have specifically stated that defendants’ default had been fixed and set, in order to grant the application to appoint a referee pursuant to RPAPL 1321, the order intrinsically had to fix and set defendants’ default in answering (see Wells Fargo Bank, NA v Ambrosov, 120 AD3d 1225 [2d Dept 2014]; Bank of N.Y. v Stein, 130 AD3d 552 [2d Dept 2015]; U.S. Bank N.A. v Norgriff, 131 AD3d 527 [2d Dept 2015]; Flagstar Bank, FSB v Jambelli, 140 AD3d 829 [2d Dept 2016]; Federal Natl. Mtge. Assn. v Zapata, 143 AD3d 857 [2d Dept 2016]). The arguments put forward by defendants that the application for a judgment of foreclosure and sale should be denied pursuant to CPLR 3215 (c) are without merit. Defendants also misinterpret the effect of the fact that the clerk’s office marked the case “off the calendar” for inactivity in 2014. This was an administrative act of the clerk’s office, not an order of Justice MacKenzie dismissing the action pursuant to CPLR 3215 (c) as defendants argue. The “eCourts” site shows a “purge” in “Office Part,” not an order of dismissal by a justice of this court. Further, the court’s internal computer “Case Management System” shows a comment “8/5/16 CASE RESTORED. PURGED IN ERROR.” Defendants’ attempts to apply the requirements for restoration of a case marked off a trial calendar for failure to prosecute pursuant to CPLR 3404 to this “purge” are fundamentally flawed. As there was no note of issue filed in this case, nor would one have ever been required because of the granting of the default, CPLR 3404 is inapplicable. Case law, as well as John R. Higgitt and David D. Siegel, Practice Commentaries (McKinney’s Cons Laws of NY, Book 7B) to CPLR 3216 and 3404, make clear that those two sections are the statutory authority for a court to dismiss a case for failure to prosecute: CPLR 3216 deals with cases pre-note of issue, CPLR 3404 with cases post-note of issue. Defendants’ argument that plaintiff must show a reasonable excuse for bringing an application to “restore” the case as well as a meritorious defense has no applicability, as there was no note of issue filed, and the case was never “marked off” a trial calendar. It was clerically purged from inventory as inactive, an act done in error, which the clerk’s office reversed upon the filing of plaintiff’s motion. Defendants’ argument is without merit. But defendants’ confusion is mirrored by plaintiff’s argument in support of the motion that the court “vacate the order of dismissal” pursuant to CPLR 2221, as the “dismissal” was improper under CPLR 3216, and in any event, “CPLR 3216 is an ‘extremely forgiving’ statute” (see Baczkowski v Collins Constr. Co., 89 NY2d 499, 503 [1997]). A reading of the opinion in Baczkowski would show plaintiff that there a 90 day notice to recommence prosecution of the action and file a note of issue had been filed. As there was never a similar notice sent here by the court, pursuant to the strict structure set forth by CPLR 3216 there could be no dismissal under that section (see BankUnited v Kheyfets, 150 AD3d 948 [2d Dept 2017]). Again, as with defendants’ argument under CPLR 3404, the essential argument of a requirement of filing a note of issue in this already determined default is missing as to plaintiff’s worry concerning CPLR 3216. With no CPLR 3216 dismissal, plaintiff need not establish the elements required by that statute to “restore” its case. Further, the Second Department has made it clear that in cases where issue has never been joined, even if a CPLR 3216 notice was sent by the court and a conditional order of dismissal issued, the court was without power to dismiss (see Deutsche Bank Natl. Trust Co. v Hall, 149 AD3d 803 [2d Dept 2017]; New Century Mtge. Corp. v Davis, 153 AD3d 927 [2d Dept 2017]; Deutsche Bank Natl. Trust Co. v Augustin, 155 AD3d 823 [2d Dept 2017]). Finally, as there was in fact no dismissal of the case pursuant to CPLR 3215 (c), 3216, 3404 or by any order of the court, as the clerk’s notes indicate, it had been “purged in error,” there was no need to “vacate” or “restore” the action. If the case had been transferred to this dedicated Foreclosure Part along with the other foreclosure inventory of Justice MacKenzie in June 2016, as well as other dormant cases from other parts, all that would have happened would have been this court cajoling, hounding and rescheduling conferences until plaintiff finally filed the motion for a judgment of foreclosure and sale that it filed in August 2016. The arguments made by defendants concerning issues of standing and the sufficiency of plaintiff’s proof have been either waived by their failure to answer, or their failure to move to vacate their default (see Chase Home Fin., LLC v Garcia, 140 AD3d 820 [2d Dept 2016]; Nationstar Mtge., LLC v Avella, 142 AD3d 594 [2d Dept 2016]; Southstar III, LLC v Enttienne, 120 AD3d 1332 [2d Dept 2014]; U.S. Bank N.A. v Gonzalez, 99 AD3d 694 [2d Dept 2012]; Deutsche Bank Trust Co., Ams. v Stathakis, 90 AD3d 983 [2d Dept 2011]; Holubar v Holubar, 89 AD3d 802 [2d Dept 2011]), or are without merit, as with their argument that the report of the referee (exhibit A to plaintiff’s motion) was not filed. The court recognizes the extraordinary delay by plaintiff in bringing this application for a judgment of foreclosure and sale and does not condone it, and although plaintiff makes some attempt to explain it by blaming the Baum office’s inaction in 2008, the court feels this is barely minimally sufficient, especially in light of the fact that the report of the referee seems to have been in plaintiff’s possession since October 2014, and there is no clear statement as to when plaintiff’s present counsel became involved (although the “blue back” on the referee’s report indicates present counsel were involved at that time). But as the order of reference upon default was granted, defendants have not moved to vacate their default in answering or argued that they were never in default under the note and mortgage, nor shown any prejudice, while they appear to be in possession of the property since their default in payment, the court moves forward and grants plaintiff’s motion for a judgment of foreclosure and sale. The opposition submitted by defendant creditor Falsone basically sets forth that as a junior lienholder to plaintiff, she received restitution for her damages from Nassau County Consumer Affairs, which thereafter should assume her lien. In essence, she asks that Nassau County Consumer Affairs be substituted in her place as a defendant creditor. Without their agreement to do so, and without actual proof in admissible form to support the claim, the court cannot grant the application. If there is in fact any surplus monies from the sale of the property, the issue can be resolved at that time. The proposed order submitted by plaintiff, as modified by the court, is signed contemporaneously with the signing of this order.