Onewest Bank, FSB v Kaur (2019 NY Slip Op 04183)





Onewest Bank, FSB v Kaur


2019 NY Slip Op 04183


Decided on May 29, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 29, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JOHN M. LEVENTHAL
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2017-00543
 (Index No. 15803/09)

[*1]Onewest Bank, FSB, etc., respondent, 
v
Rani Kaur, appellant, et al., defendants.


Miller Rosado & Algios, LLP, Garden City, NY (Christopher Rosado of counsel), for appellant.
McCabe Weisberg & Conway, P.C. (Greenberg Traurig, LLP, New York, NY [Marissa Banez], of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Rani Kaur appeals from an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), dated November 1, 2016. The order granted the plaintiff's motion to restore the action to the active calendar and denied that defendant's cross motion to dismiss the complaint insofar as asserted against her, or, in the alternative, to toll and cancel the accrual of interest on the mortgage loan.
ORDERED that the order is affirmed, with costs.
We agree with the Supreme Court's determination granting the plaintiff's motion to restore the action to the active calendar. CPLR 3404 does not apply to this pre-note of issue action (see WM Specialty Mtge., LLC v Palazzollo, 145 AD3d 714, 715; JPMorgan Chase Bank, N.A. v Mehrnia, 143 AD3d 946, 947; Bank of N.Y. v Arden, 140 AD3d 1099, 1100; Lopez v Imperial Delivery Serv., 282 AD2d 190, 198). Further, there was neither a 90-day notice pursuant to CPLR 3216 (see U.S. Bank N.A. v Ricketts, 153 AD3d 1298, 1299; New Century Mtge. Corp. v Davis, 153 AD3d 927, 927; Downey Sav. & Loan Assn., F.A. v Aribisala, 147 AD3d 911, 912), nor an order dismissing the complaint pursuant 22 NYCRR 202.27 (see U.S. Bank N.A. v Madero, 154 AD3d 795, 795; WM Specialty Mtge., LLC v Palazzollo, 145 AD3d at 715; JPMorgan Chase Bank, N.A. v Mehrnia, 143 AD3d at 947).
Contrary to the contention of the defendant Rani Kaur (hereinafter the defendant), " [t]he doctrine of laches does not provide [a] basis to dismiss a complaint where there has been no service of a 90-day demand pursuant to CPLR 3216(b), and where the case management devices of CPLR 3404 and 22 NYCRR 202.27 are inapplicable'" (Melendez v Plato Gen. Contr., 128 AD3d 653, 654, quoting Arroyo v Board of Educ. of City of N.Y., 110 AD3d 17, 20; see Montalvo v Mumpus Restorations, Inc., 110 AD3d 1045, 1046). The "procedural device of dismissing a complaint for undue delay is a legislative creation, and courts do not possess the inherent power to dismiss an action for general delay where the plaintiff has not been served with a 90-day demand to serve and file a note of issue pursuant to CPLR 3216(b)" (Campbell v New York City Tr. Auth., 109 AD3d 455, 455; see Chase v Scavuzzo, 87 NY2d 228, 233; Airmont Homes v Town of Ramapo, 69 NY2d 901, 902; Arroyo v Board of Educ. of City of N.Y., 110 AD3d at 20; Baxter v Javier, 109 [*2]AD3d 493, 494).
"A foreclosure action is equitable in nature and triggers the equitable powers of the court" (Rajic v Faust, 165 AD3d 716, 717 [internal quotation marks and brackets omitted]; see U.S. Bank N.A. v Losner, 145 AD3d 935, 937). "Once equity is invoked, the court's power is as broad as equity and justice require" (U.S. Bank N.A. v Losner, 145 AD3d at 938 [internal quotation marks omitted]). "In an action of an equitable nature, the recovery of interest is within the court's discretion. The exercise of that discretion will be governed by the particular facts in each case, including any wrongful conduct by either party" (BAC Home Loans Servicing, L.P. v Jackson, 159 AD3d 861, 862 [internal quotation marks omitted]; see Citicorp Trust Bank, FSB v Vidaurre, 155 AD3d 934, 934). Under the circumstances of this case, we agree with the Supreme Court's denial of that branch of the defendant's cross motion which was to toll and cancel interest that accrued on the mortgage loan, as the defendant could have filed a note of issue pursuant to CPLR 3402(a) and requested a hearing to determine the propriety of service pursuant to the court's earlier order, but chose not to.
SCHEINKMAN, P.J., LEVENTHAL, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court