Bank of N.Y. v Harper (2019 NY Slip Op 07378)





Bank of N.Y. v Harper


2019 NY Slip Op 07378


Decided on October 16, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 16, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
BETSY BARROS
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2018-10569
 (Index No. 24566/07)

[*1]Bank of New York, etc., appellant, 
v
Heather Y. Harper, etc., et al., defendants.


Akerman LLP, New York, NY (Ashley S. Miller and Jordan M. Smith of counsel), for appellant.
Dustin Bowman, Kew Gardens, NY (Mark Anderson of counsel), for defendant Heather Y. Harper.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Jeffrey Arlen Spinner, J.), dated June 27, 2014. The order, in effect, denied, as academic, the plaintiff's motion to vacate a prior order of the same court dated November 21, 2012, which, sua sponte, directed dismissal of the complaint, and to restore the action to the calendar.
ORDERED that the order dated June 27, 2014, is reversed, on the law, without costs or disbursements, and the plaintiff's motion to vacate the order dated November 21, 2012, and to restore the action to the calendar is granted.
The defendant borrower, Heather Y. Harper (hereinafter the defendant), executed the subject note and mortgage on March 10, 2006. The plaintiff commenced the instant foreclosure action on August 9, 2007, represented the law offices of Steven J. Baum, P.C. None of the defendants answered the complaint.
In an order entered July 23, 2008, the Supreme Court granted the plaintiff's motion for an order of reference. Following the plaintiff's change of attorney in December 2011, the court directed the parties to appear at a compliance conference on July 16, 2012. In a subsequent order, the court stated that, at that conference, the court had directed the plaintiff to resume prosecution of the action, and gave "express directives" regarding such "resumption of prosecution," although the subsequent order did not state what those "express directives" were.
In an order dated November 21, 2012, the Supreme Court directed dismissal of the action, stating that the plaintiff "has, without good cause or explanation, failed and neglected to comply with the express directives of the [c]ourt and has failed to resume prosecution of this action." The court did not state on which statute it was relying to direct dismissal of the action. By notice of motion dated May 23, 2014, the plaintiff moved to vacate the order dated November 21, 2012, and to restore the action to the calendar. In the order appealed from, the court, in effect, denied the motion as academic, stating that it had "been notified that this matter has been disposed and the case closed."
We agree with the plaintiff's contention that the Supreme Court was without authority, either pursuant to CPLR 3216 or 22 NYCRR 202.27, to direct dismissal of this action.
CPLR 3216(b)(1) states that no dismissal should be made under this statute unless issue has been joined. "A court may not dismiss an action based on neglect to prosecute unless the CPLR 3216 statutory preconditions to dismissal are met" (Delgado v New York City Hous. Auth., 21 AD3d 522, 522; see National City Mtge. Co. v Sclavos, 172 AD3d 884, 885). Here, none of the defendants submitted an answer to the complaint and, thus, issue was never joined (see CPLR 3216[b][1]; National City Mtge. Co. v Sclavos, 172 AD3d at 885; US Bank, N.A. v Picone, 170 AD3d 1070; Deutsche Bank Natl. Trust Co. v Augustin, 155 AD3d 823, 824). "Since at least one precondition set forth in CPLR 3216 was not met here, the Supreme Court was without power to dismiss the action pursuant to that statute" (U.S. Bank N.A. v Ricketts, 153 AD3d 1298, 1299; see Wells Fargo Bank, N.A. v Pinargote, 150 AD3d 1311; Downey Sav. & Loan Assn., F.A. v Aribisala, 147 AD3d 911, 912).
22 NYCRR 202.27 gives a court the discretion to dismiss an action where the plaintiff fails to appear "[a]t any scheduled call of a calendar or at any conference" (see Bank of N.Y. v Castillo, 120 AD3d 598, 599). Here, "[t]he record is devoid of any evidence that there was a conference scheduled" at which the plaintiff failed to appear at any time between the conference on July 16, 2012, at which the plaintiff appeared, and the order dated November 21, 2012, directing dismissal of the action, "and the Supreme Court did not dismiss the complaint on that date based upon a default in appearing at a scheduled conference, as is contemplated by the court rule authorizing such a dismissal" (Murray v Smith Corp., 296 AD2d 445, 446; see Banik v Evy Realty, LLC, 84 AD3d 994, 995). Thus, contrary to the defendant's contention, 22 NYCRR 202.27 could not have provided the basis for the order directing dismissal of the complaint, or for the order that denied the plaintiff's motion to vacate the dismissal and restore the action to the calendar (see Banik v Evy Realty, LLC, 84 AD3d at 995; Murray v Smith Corp., 296 AD2d at 446).
Contrary to the defendant's contention, where, as here, a party "appeared as scheduled, [22 NYCRR 202.27] provides no basis for the court to summarily dismiss the action" for failure to prosecute (Danne v Otis El. Corp., 31 AD3d 599, 599). In general, "[t]he procedural device of dismissing a complaint for undue delay is a legislative creation, and courts do not possess the inherent power to dismiss an action for general delay where the plaintiff has not been served with a 90-day demand to serve and file a note of issue pursuant to CPLR 3216(b)" (Campbell v New York City Tr. Auth., 109 AD3d 455, 455; see Chase v Scavuzzo, 87 NY2d 228, 232; Gatehouse v New York City Hous. Auth., 109 AD3d 457, 458; Armouth-Levy v New York City, 109 AD3d 453, 454). Since the court here had no statutory basis for directing dismissal of the action, it should have granted the plaintiff's motion to vacate the order of dismissal and to restore the action to the calendar (see National City Mtge. Co. v Sclavos, 172 AD3d at 885-886; US Bank, N.A. v Picone, 170 AD3d 1070).
AUSTIN, J.P., BARROS, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court