OneWest Bank, FSB v Singh (2020 NY Slip Op 04957)





OneWest Bank, FSB v Singh


2020 NY Slip Op 04957


Decided on September 16, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 16, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX, JJ.


2018-07655
 (Index No. 22696/09)

[*1]OneWest Bank, FSB, appellant,
v
Deryck A. Singh, et al., defendants; BSD 253, LLC, proposed intervenor-respondent.


Gross Polowy, LLC, Westbury, NY (Stephen J. Vargas of counsel), for appellant.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated March 15, 2018. The order, insofar as appealed from, denied, as academic, the plaintiff's motion to vacate a sua sponte order of the same court dated February 13, 2014, conditionally dismissing the action pursuant to CPLR 3216, and to restore the action to the calendar.
ORDERED that the order dated March 15, 2018, is reversed insofar as appealed from, on the law, without costs or disbursements, and the plaintiff's motion to vacate the order dated February 13, 2014, and to restore the action to the calendar is granted.
CPLR 3216(b)(1) states that no dismissal should be made under this statute unless issue has been joined. " A court may not dismiss an action based on neglect to prosecute unless the CPLR 3216 statutory preconditions to dismissal are met'" (Bank of N. Y. v Harper, 176 AD3d 907, 908, quoting Delgado v New York City Hous. Auth., 21 AD3d 522, 522; see National City Mtge. Co. v Sclavos, 172 AD3d 884, 885). Here, none of the defendants submitted an answer to the complaint and, thus, issue was never joined (see CPLR 3216[b][1]; Bank of N. Y. v Harper, 176 AD3d at 908; National City Mtge. Co. v Sclavos, 172 AD3d at 885; US Bank, N.A. v Picone, 170 AD3d 1070, 1072; Deutsche Bank Natl. Trust Co. v Augustin, 155 AD3d 823, 824). Since at least one precondition set forth in CPLR 3216 was not met, the Supreme Court was without power to issue an order conditionally dismissing the action pursuant to that statute (see Deutsche Bank Natl. Trust Co. v Augustin, 155 AD3d at 824; Wells Fargo Bank, N.A. v Pinargote, 150 AD3d 1311).
Therefore, the Supreme Court should have granted the plaintiff's motion to vacate the order dated February 13, 2014, conditionally dismissing the action, and to restore the action to the calendar.
RIVERA, J.P., CHAMBERS, COHEN and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court