Bank of N.Y. Mellon v Poskitt (2020 NY Slip Op 05714)





Bank of N.Y. Mellon v Poskitt


2020 NY Slip Op 05714


Decided on October 14, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 14, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
ROBERT J. MILLER
JOSEPH J. MALTESE
FRANCESCA E. CONNOLLY, JJ.


2018-04564
 (Index No. 706536/16)

[*1]Bank of New York Mellon, etc., appellant,
v
Todd Poskitt, respondent, et al., defendants.


RAS Boriskin, LLC, Westbury, NY (Joseph F. Battista of counsel), for appellant.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Queens County (Frederick D.R. Sampson, J.), entered February 7, 2018. The order, insofar as appealed from, denied that branch of the plaintiff's unopposed motion which was pursuant to CPLR 5015(a) to vacate an order of the same court (Marguerite A. Grays, J.) dated May 26, 2017, directing dismissal of the action due to the plaintiff's failure to comply with an order of the same court (Tracy Catapano-Fox, Ct. Atty. Ref.) dated February 21, 2017.
ORDERED that the order entered February 7, 2018, is reversed insofar as appealed from, on the facts and in the exercise of discretion, without costs or disbursements, and that branch of the plaintiff's unopposed motion which was to vacate the order dated May 26, 2017, is granted.
The plaintiff commenced this action in 2016 to foreclose a mortgage on certain real property in Queens. Pursuant to a status conference order dated October 21, 2016, the plaintiff was directed, inter alia, to file an application for an order of reference by the date of the next status conference, scheduled for February 21, 2017. The plaintiff appeared at the February 2017 status conference and requested additional time to file an application for an order of reference. Accordingly, in a status conference order dated February 21, 2017, the plaintiff was directed, inter alia, to file an application for an order of reference by the date of the final status conference, scheduled for May 16, 2017. The order dated February 21, 2017 (hereinafter the conditional order), further stated that the failure to comply with the order may result in the dismissal of the action without prejudice.
In an order dated May 26, 2017 (hereinafter the dismissal order), the Supreme Court directed dismissal of the action without prejudice, in effect, pursuant to 22 NYCRR 202.27, based on the plaintiff's failure to comply with the conditional order. The plaintiff moved, inter alia, pursuant to CPLR 5015(a) to vacate the dismissal order, arguing, among other things, that it set forth a reasonable excuse for its failure to comply with the conditional order. In an order entered February 7, 2018, the court, among other things, denied that branch of the unopposed motion, determining that the plaintiff did not offer a reasonable excuse for noncompliance with the conditional order. The plaintiff appeals.
"In order to vacate a dismissal pursuant to 22 NYCRR 202.27, the movant must demonstrate a reasonable excuse for the failure to proceed and a potentially meritorious cause of action" (Financial Freedom Acquisition, LLC v Unknown Heirs to Estate of Kenner, 172 AD3d [*2]1173, 1175; see US Bank N.A. v Thurm, 140 AD3d 1578, 1579). Here, contrary to the Supreme Court's conclusion, the plaintiff demonstrated a reasonable excuse for its failure to proceed with the action and a potentially meritorious cause of action. Accordingly, the court improvidently exercised its discretion when it denied that branch of the plaintiff's unopposed motion which was to vacate the dismissal order.
In light of the foregoing, we need not reach the plaintiff's remaining contention that the Supreme Court lacked the authority to dismiss the action pursuant to the conditional order since that order did not comply with CPLR 3216 (cf. Deutsche Bank Natl. Trust Co. v Bastelli, 164 AD3d 748, 749-750; BankUnited v Kheyfets, 150 AD3d 948, 949; Downey Sav. & Loan Assn., F.A. v Aribisala, 147 AD3d 911; U.S. Bank N.A. v Bassett, 137 AD3d 1109, 1110).
AUSTIN, J.P., MILLER, MALTESE and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court