Citimortgage, Inc. v Rahman (2021 NY Slip Op 02271)





Citimortgage, Inc. v Rahman


2021 NY Slip Op 02271


Decided on April 14, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 14, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
COLLEEN D. DUFFY
ANGELA G. IANNACCI
PAUL WOOTEN, JJ.


2019-06952
 (Index No. 17911/10)

[*1]Citimortgage, Inc., etc., appellant, 
v
Syed L. Rahman, et al., respondents, et al., defendants.


Akerman LLP, New York, NY (Jordan M. Smith and Jason St. John of counsel), for appellant.
Stim & Warmuth, P.C., Farmingville, NY (Glenn P. Warmuth of counsel), for respondents.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Queens County (Denis J. Butler, J.), entered April 16, 2019. The order, insofar as appealed from, denied those branches of the plaintiff's motion which were to vacate an order of the same court (Marguerite A. Grays, J.) entered June 16, 2016, and to restore the action to the active calendar.
ORDERED that the order entered April 16, 2019, is affirmed insofar as appealed from, with costs.
In July 2010, the plaintiff commenced this mortgage foreclosure action against, among others, the defendants Syed L. Rahman and Zulekha Rahman (hereinafter together the defendants) alleging, inter alia, that the defendants defaulted on their mortgage. The defendants failed to answer or appear and, more than four years later, in an order dated November 21, 2014 (hereinafter the November 2014 order), the Supreme Court directed the plaintiff, among other things, to move for an order of reference by August 18, 2015, which was the date of the next court conference. The November 2014 order also provided that failure to comply with the order may result in the dismissal of the action. Although the plaintiff moved for a default judgment and an order of reference in February 2015, the motion did not comply with the rules of the court's centralized motion part and was removed from the court calendar. Thereafter, in an order dated August 18, 2015 (hereinafter the August 2015 order), the court directed the plaintiff to file a motion for an order of reference before the next status conference, which was scheduled for May 10, 2016. Although the plaintiff appeared for the conference on May 10, 2016, it failed to file the motion as directed by the August 2015 order. On May 13, 2016, a referee issued a recommendation to the court that the complaint be dismissed, in effect, pursuant to 22 NYCRR 202.27, based on the plaintiff's failure to comply with the November 2014 order and the August 2015 order. Thereafter, in an order entered June 16, 2016 (hereinafter the June 2016 order), the court, sua sponte, confirmed the referee's report and directed the dismissal of the complaint. More than two years later, in September 2018, the plaintiff moved, inter alia, to vacate the June 2016 order and restore the action to the calendar. In an order entered April 16, 2019 (hereinafter the April 2019 order), the court denied the motion. The plaintiff appeals.
Although the Supreme Court should have waited the requisite 15-day period under CPLR 4403 before confirming the referee's report to allow the plaintiff an opportunity to object (see CPLR 4403; see generally Sidoti v Degliuomini, 10 AD3d 396, 396), in its motion to vacate the June 2016 order, the plaintiff argued the issues raised in the referee's report and the court also addressed those issues in its April 2019 order. Thus, in the interests of judicial efficiency and economy, the merits of the plaintiff's motion are addressed herein and there is no need to remit the matter to the Supreme Court (see e.g. Modugno v Bovis Lend Lease Interiors, Inc., 184 AD3d 820, 821-822; Wells Fargo Bank, NA v McKenzie, 183 AD3d 574, 575-576).
The Supreme Court properly denied the plaintiff's motion to vacate the June 2016 order and restore the action to the court's calendar. "'Pursuant to 22 NYCRR 202.27(b), a court has the discretion to direct dismissal of a complaint where the plaintiff fails to appear or is not ready to proceed'" (Shah v Uh, 184 AD3d 696, 697 [emphasis added], quoting Yi Jing Tan v Liang, 160 AD3d 786, 787; see Financial Freedom Acquisition, LLC v Unknown Heirs to the Estate of Kenner, 172 AD3d 1173, 1174). "In order to vacate a dismissal pursuant to 22 NYCRR 202.27, the movant must demonstrate a reasonable excuse for the failure to proceed and a potentially meritorious cause of action" (Financial Freedom Acquisition, LLC v Unknown Heirs to the Estate of Kenner, 172 AD3d at 1175). Here, the court was authorized to dismiss the complaint, in effect, pursuant to 22 NYCRR 202.27 as the plaintiff failed to comply with the court's November 2014 order and the court's August 2015 order and thus was not ready to proceed at the status conference held on May 10, 2016 (see id. at 1174-1175; see e.g. Geffner v Mercy Med. Ctr., 167 AD3d 571, 572-573). Moreover, the plaintiff failed to offer a reasonable excuse for its failure to comply with the court's November 2014 order and the court's August 2015 order directing the plaintiff to file its motion for an order of reference by the respective dates set forth in the orders, or an explanation for why it waited more than two years to file its motion to vacate the June 2016 order (see CPLR 5015[a][1]; Financial Freedom Acquisition, LLC v Unknown Heirs to the Estate of Kenner, 172 AD3d at 1174). Since the plaintiff failed to offer a reasonable excuse, we need not address the issue of whether it had a potentially meritorious cause of action (see Deutsche Bank Natl. Trust Co. v Fishbein, 179 AD3d 768, 770; Financial Freedom Acquisition, LLC v Unknown Heirs to the Estate of Kenner, 172 AD3d at 1175).
The plaintiff's remaining contentions either have been rendered academic by our determination or are without merit.
RIVERA, J.P., DUFFY, IANNACCI and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court