Central Mtge. Co. v Ango (2022 NY Slip Op 01286)





Central Mtge. Co. v Ango


2022 NY Slip Op 01286


Decided on March 2, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 2, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI
PAUL WOOTEN, JJ.


2019-02064
 (Index No. 10862/08)

[*1]Central Mortgage Company, appellant,
v
Abdulkadir H. Ango, respondent, et al., defendants.


Duane Morris LLP, New York, NY (Brett L. Messinger of counsel), for appellant.
Auciello Law Group, P.C. (Young Law Group, PLLC, Bohemia, NY [Justin Pane], of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated January 10, 2019. The order, insofar as appealed from, denied those branches of the plaintiff's motion which were to vacate a conditional order of dismissal of the same court dated October 8, 2013, and to restore the action to the active calendar, and granted that branch of the cross motion of the defendant Abdulkadir H. Ango which was, in effect, to confirm the dismissal of the complaint insofar as asserted against him pursuant to the conditional order of dismissal.
ORDERED that the order dated January 10, 2019, is reversed insofar as appealed from, on the law, with costs, those branches of the plaintiff's motion which were to vacate the conditional order of dismissal dated October 8, 2013, and to restore the action to the active calendar are granted, and that branch of the cross motion of the defendant Abdulkadir H. Ango which was, in effect, to confirm the dismissal of the complaint insofar as asserted against him pursuant to the conditional order of dismissal is denied.
In November 2006, the defendant Abdulkadir H. Ango (hereinafter the defendant) executed a note in the sum of $556,288, which was secured by a mortgage against a condominium unit in Brooklyn. In April 2008, the plaintiff commenced this action to foreclose the mortgage against, among others, the defendant. The defendant failed to interpose an answer. On October 8, 2013, the Supreme Court issued a conditional order of dismissal, which stated that "this action is dismissed pursuant to CPLR 3216 and the County Clerk is directed to cancel the Notice of Pendency unless plaintiff files a note of issue or otherwise proceeds by motion for entry of judgment within 90 days of the date hereof." The plaintiff failed to file a note of issue or to move for the entry of judgment within 90 days of the conditional order of dismissal as directed.
In August 2018, the plaintiff moved, among other things, to vacate the conditional order of dismissal and to restore the action to the active calendar. Thereafter, the defendant cross-moved, inter alia, in effect, to confirm the dismissal of the complaint insofar as asserted against him pursuant to the conditional order of dismissal. In an order dated January 10, 2019, the Supreme Court denied the plaintiff's motion and granted the defendant's cross motion. The plaintiff appeals.
"'A court may not dismiss an action based on neglect to prosecute unless the CPLR 3216 statutory preconditions to dismissal are met'" (Bank of New York v Harper, 176 AD3d 907, 908, quoting Delgado v New York City Hous. Auth., 21 AD3d 522, 522; see National City Mtge. Co. v Sclavos, 172 AD3d 884, 885), including that issue has been joined in the action (see CPLR 3216[b][1]; Bank of N.Y. v Harper, 176 AD3d at 908). Here, the dismissal of the action pursuant to the conditional order of dismissal was improper, since none of the defendants had submitted an answer to the complaint and, thus, issue was never joined (see U.S. Bank N.A. v Thompson, 189 AD3d 1643, 1645; Bank of N.Y. v Harper, 176 AD3d at 908; National City Mtge. Co. v Sclavos, 172 AD3d at 885; US Bank, N.A. v Picone, 170 AD3d 1070, 1072; U.S. Bank N.A. v Bassett, 137 AD3d 1109, 1110).
The parties' remaining contentions either need not be reached in light of our determination or are without merit.
Accordingly, the Supreme Court should have granted those branches of the plaintiff's motion which were to vacate the conditional order of dismissal and to restore the action to the active calendar, and denied that branch of the defendant's cross motion which was, in effect, to confirm the dismissal of the complaint insofar as asserted against him pursuant to the conditional order of dismissal.
LASALLE, P.J., CONNOLLY, IANNACCI and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court