Wells Fargo Bank, N.A. v Frederic (2022 NY Slip Op 04999)

Wells Fargo Bank, N.A. v Frederic

2022 NY Slip Op 04999

Decided on August 17, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 17, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ANGELA G. IANNACCI
REINALDO E. RIVERA
PAUL WOOTEN, JJ.

2020-00127
2020-00128
 (Index No. 702001/12)

[*1]Wells Fargo Bank, National Association, etc., appellant, 
v
Marc Anthony Frederic, etc., et al., defendants.

Hinshaw & Culbertson LLP, New York, NY (Victor Matthews of counsel), for appellant.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from (1) an order of the Supreme Court, Queens County (Martin J. Shulman, J.), entered June 16, 2017, and (2) an order of the same court (Timothy J. Dufficy, J.) entered October 12, 2018. The order entered June 16, 2017, sua sponte, directed dismissal of the action without prejudice. The order entered October 12, 2018, insofar as appealed from, denied those branches of the plaintiff's unopposed motion which were to vacate the order entered June 16, 2017, and to restore the action to the active calendar.
ORDERED that the appeal from the order entered June 16, 2017, is dismissed, without costs or disbursements, as no appeal lies as of right from an order that does not decide a motion made on notice (see CPLR 5701[a][2]), and we decline to grant leave to appeal, as the appeal has been rendered academic in light of our determination of the appeal from the order entered October 12, 2018; and it is further,
ORDERED that the order entered October 12, 2018, is reversed insofar as appealed from, on the law, without costs or disbursements, and those branches of the plaintiff's motion which were to vacate the order entered June 16, 2017, and to restore the action to the active calendar are granted.
In September 2012, the plaintiff commenced this action to foreclose a mortgage against, among others, the defendant Marc Anthony Frederic, administrator of and heir to the estate of Yvette Frederic (hereinafter the defendant). Although the defendant appeared by counsel, neither he nor any of the other defendants interposed an answer to the complaint. By order entered September 29, 2016, the Supreme Court, among other things, appointed a referee to compute the amount due to the plaintiff.
At a status conference held on December 7, 2016, the Supreme Court issued an order, inter alia, directing the plaintiff to move for a judgment of foreclosure and sale by March 1, 2017. That order further provided that "failure to comply with the terms of this order may result in the dismissal of this action without prejudice." By order entered June 16, 2017, the court, sua sponte, directed dismissal of the action without prejudice, on the ground that the plaintiff had failed to comply with the terms of the order dated December 7, 2016. The court did not state which statute [*2]it was relying upon to direct dismissal of the action.
Thereafter, the plaintiff moved, among other things, to vacate the order entered June 16, 2017, and to restore the action to the active calendar. The defendant did not oppose the plaintiff's motion. In an order entered October 12, 2018, the Supreme Court, among other things, denied those branches of the plaintiff's motion. The plaintiff appeals.
"A court may not dismiss an action based on neglect to prosecute unless the CPLR 3216 statutory preconditions to dismissal are met, including that issue has been joined in the action" (Central Mtge. Co. v Ango, 203 AD3d 692, 693-694 [citations and internal quotation marks omitted]; see Private Capital Group, LLC v Llobell, 189 AD3d 1483, 1485; Bank of N.Y. v Harper, 176 AD3d 907, 908). Here, dismissal of the action pursuant to CPLR 3216 was improper, since none of the defendants had interposed an answer to the complaint and, thus, issue was never joined (see Central Mtge. Co. v Ango, 203 AD3d at 694). Similarly, under the circumstances of this case, 22 NYCRR 202.27 did not provide a basis for dismissal of the action (see Bank of N.Y. v Harper, 176 AD3d at 909; cf. Citimortgage, Inc. v Rahman, 193 AD3d 810, 812).
The plaintiff's remaining contention need not be reached in light of our determination.
Accordingly, the Supreme Court should have granted those branches of the plaintiff's motion which were to vacate the order entered June 16, 2017, and to restore the action to the active calendar.
DILLON, J.P., IANNACCI, RIVERA and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court