U.S. Bank N.A. v Sanchez (2022 NY Slip Op 06155)

U.S. Bank N.A. v Sanchez

2022 NY Slip Op 06155

Decided on November 2, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 2, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ROBERT J. MILLER
LARA J. GENOVESI
BARRY E. WARHIT, JJ.

2020-02636
2020-02643
 (Index No. 8531/08)

[*1]U.S. Bank National Association, etc., appellant,
v
Carlos Sanchez, respondent, et al., defendants.

Hinshaw & Culbertson, LLP, New York, NY (Matthew C. Ferlazzo and Schuyler B. Kraus of counsel), for appellant.
Esagoff Law Group, P.C. (Alter & Barbaro, Brooklyn, NY [Bernard M. Alter and Troy J. Lambert], of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from (1) an order of the Supreme Court, Kings County (Sylvia G. Ash, J.), dated May 22, 2014, and (2) an order of the same court dated December 14, 2015. The order dated May 22, 2014, denied the plaintiff's motion to vacate an order of the same court dated September 24, 2013, directing dismissal of the complaint pursuant to CPLR 3216, and to restore the action to the active calendar. The order dated December 14, 2015, denied the plaintiff's motion, in effect, for leave to renew its prior motion to vacate the order dated September 24, 2013, and to restore the action to the active calendar.
ORDERED that the order dated May 22, 2014, is reversed, on the law, and the plaintiff's motion to vacate the order dated September 24, 2013, and to restore the action to the active calendar is granted; and it is further,
ORDERED that the appeal from the order dated December 14, 2015, is dismissed as academic in light of our determination on the appeal from the order dated May 22, 2014; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
In April 2006, the defendant Carlos Sanchez (hereinafter the defendant) allegedly executed a note, which was secured by a mortgage on certain real property located in Brooklyn. In March 2008, the plaintiff commenced this action against the defendant, among others, to foreclose the mortgage. In an order dated April 30, 2013, made after a status conference, the Supreme Court found that the defendant had defaulted in the action, and directed the plaintiff to move for a judgment of foreclosure and sale within 90 days or the complaint would be dismissed. By order dated September 24, 2013, the Supreme Court directed dismissal of the complaint, without prejudice, pursuant to CPLR 3216 based upon the plaintiff's failure to comply with the April 30, 2013 order.
Thereafter, the plaintiff moved to vacate the order dated September 24, 2013, and to restore the action to the active calendar. In an order dated May 22, 2014, the Supreme Court denied the motion with leave to renew upon submission of a motion for a judgment of foreclosure and sale. The plaintiff then moved, in effect, for leave to renew its prior motion, inter alia, to vacate the order dated September 24, 2013, although it had not submitted a motion for a judgment of foreclosure and sale. In an order dated December 14, 2015, the court denied the motion. The plaintiff appeals.
"A court may not dismiss an action based on neglect to prosecute unless the CPLR 3216 statutory preconditions to dismissal are met" (Delgado v New York City Hous. Auth., 21 AD3d 522, 522; see CPLR 3216[b]; Bank of N.Y. v Harper, 176 AD3d 907, 908). As relevant to this appeal, CPLR 3216(b)(1) provides that no dismissal shall be made under this statute unless issue has been joined (see Central Mtge. Co. v Ango, 203 AD3d 692, 693; Bank of N.Y. v Harper, 176 AD3d at 908).
Here, contrary to the Supreme Court's statement in the order dated September 24, 2013, issue was never joined in the action, as none of the defendants had submitted an answer to the complaint. Since at least one precondition set forth in CPLR 3216 was not met, the court was without power to direct dismissal of the complaint pursuant to that statute (see OneWest Bank, FSB v Singh, 186 AD3d 1388, 1389; Bank of N.Y. v Harper, 176 AD3d at 908; US Bank, N.A. v Picone, 170 AD3d 1070, 1072; U.S. Bank N.A. v Ricketts, 153 AD3d 1298, 1299). Although the plaintiff raises for the first time on appeal the argument that the CPLR 3216 statutory preconditions to dismissal were not met, we reach the argument because it involves a question of law that appears on the face of the record, and could not have been avoided if brought to the attention of the court (see U.S. Bank N.A. v Bassett, 137 AD3d 1109, 1110; Guy v Hatsis, 107 AD3d 671, 671-672).
The defendant's remaining contentions are without merit.
Accordingly, the Supreme Court should have granted the plaintiff's motion to vacate the order dated September 24, 2013, and to restore the action to the active calendar.
In view of the foregoing, the appeal from the order dated December 14, 2015, must be dismissed as academic (see Deutsche Bank Natl. Trust Co. v Beckford, 202 AD3d 1049, 1051).
BRATHWAITE NELSON, J.P., MILLER, GENOVESI and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court