Deutsche Bank Trust Co. Ams. v Gonzales (2023 NY Slip Op 01778)

Deutsche Bank Trust Co. Ams. v Gonzales

2023 NY Slip Op 01778

Decided on April 5, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 5, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
LINDA CHRISTOPHER
BARRY E. WARHIT, JJ.

2019-09265
 (Index No. 705647/15)

[*1]Deutsche Bank Trust Company Americas, etc., respondent, 
v
Humberto A. Gonzales, appellant, et al., defendants.

Humberto A. Gonzales, College Point, NY, appellant pro se.
Greenberg Traurig, LLP, New York, NY (Leah N. Jacob and Sarah Lemon of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Humberto A. Gonzales appeals from an order of the Supreme Court, Queens County (Denis J. Butler, J.), entered July 19, 2019. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were to vacate an order of the same court (Marguerite A. Grays, J.) dated November 18, 2016, inter alia, sua sponte, directing dismissal of the complaint, for summary judgment on the complaint insofar as asserted against the defendant Humberto A. Gonzales, to strike that defendant's answer and affirmative defenses, and for an order of reference, and, in effect, denied that branch of that defendant's cross-motion which was to toll the accrual of interest on the subject mortgage from December 12, 2016, to July 18, 2018.
ORDERED that the order entered July 19, 2019, is affirmed insofar as appealed from, with costs.
On February 26, 2007, the defendant Humberto A. Gonzales (hereinafter the defendant) executed a note in the amount of $588,000 in favor of Homecomings Financial, LLC. The note was secured by a mortgage on certain real property located in Queens.
In June 2015, the plaintiff commenced this action to foreclose the mortgage against the defendant, among others. The defendant interposed an answer asserting various affirmative defenses, including lack of standing.
In a status conference order dated May 10, 2016, a court attorney referee, inter alia, directed the plaintiff to appear at a conference on November 1, 2016, and to file an application for an order of reference by that date. The status conference order stated that "failure to comply with the terms of this order may be grounds for dismissal without prejudice." Upon the plaintiff having appeared at the conference but having failed to file an application for an order of reference as directed, in a report dated November 4, 2016, the court attorney referee found that the plaintiff failed to show good cause for its failure to file an application for an order of reference and recommended that the complaint be dismissed. In an order dated November 18, 2016 (hereinafter the dismissal order), the Supreme Court confirmed the court attorney referee's report and directed dismissal of the [*2]complaint without prejudice, without stating the authority for the dismissal.
In July 2018, the plaintiff moved, inter alia, to vacate the dismissal order, for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's answer and affirmative defenses, and for an order of reference. The defendant opposed the motion and cross-moved, inter alia, to toll the accrual of interest on the subject mortgage from December 12, 2016, to July 18, 2018.
In a decision dated February 20, 2019, the Supreme Court, inter alia, found that the plaintiff established its entitlement to vacatur of the dismissal order and summary judgment on the complaint insofar as asserted against the defendant, and that the defendant failed to establish that tolling of the accrual of interest on the subject mortgage was warranted. The defendant appealed from the decision. The appeal was subsequently deemed dismissed for failure to timely perfect.
In an order entered July 19, 2019, the Supreme Court, inter alia, granted those branches of the plaintiff's motion which were to vacate the dismissal order, for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's answer and affirmative defenses, and for an order of reference, and, in effect, denied that branch of the defendant's cross-motion which was to toll the accrual of interest on the subject mortgage from December 12, 2016, to July 18, 2018. The defendant appeals.
Initially, contrary to the plaintiff's contention, the dismissal of the prior appeal for failure to perfect does not preclude our review of the issues raised herein (see Bray v Cox, 38 NY2d 350, 353). Since the prior appeal was from a decision, and no appeal lies from a decision (see CPLR 5512[a]; Schicchi v J.A. Green Constr. Corp., 100 AD2d 509, 509-510), the issues raised herein could not have been previously raised.
The Supreme Court properly granted that branch of the plaintiff's motion which was to vacate the dismissal order. The court was without authority, either pursuant to CPLR 3216 or 22 NYCRR 202.27, to direct dismissal of the complaint.
"A court may not dismiss an action based on neglect to prosecute unless the CPLR 3216 statutory preconditions to dismissal are met" (Delgado v New York City Hous. Auth., 21 AD3d 522, 522; see Bank of Am., N.A. v Ali, 202 AD3d 726, 727). Here, the Supreme Court failed to serve a written demand upon the plaintiff to resume prosecution of the action and serve and file a note of issue within 90 days of receipt of the demand (see CPLR 3216[b][3]). Since at least one precondition set forth in CPLR 3216 was not met here, the court was without power to direct dismissal of the complaint pursuant to that statute (see Bank of N.Y. v Harper, 176 AD3d 907, 908; U.S. Bank N.A. v Ricketts, 153 AD3d 1298, 1299).
Pursuant to 22 NYCRR 202.27, a court has discretion to dismiss an action where a plaintiff fails to appear "[a]t any scheduled call of a calendar or at any conference" (see Bank of N.Y. v Harper, 176 AD3d at 908). Here, the court attorney referee's report, wherein she recommended dismissal of the complaint, stated that the plaintiff appeared at the status conference on November 1, 2016, but failed to comply with previous orders dated August 10, 2015, and May 10, 2016, by failing to file the order of reference, without good cause shown. Thus, the dismissal order, which confirmed the court attorney referee's report, did not direct dismissal of the complaint based upon a default in appearing at a scheduled conference or calendar call, and 22 NYCRR 202.27 could not have provided the basis for dismissal of the complaint (see Bank of N.Y. v Harper, 176 AD3d at 909). To the extent our case law is to the contrary (see e.g. Citimortgage, Inc. v Rahman, 193 AD3d 810, 811-812; Bank of N.Y. Mellon v Poskitt, 187 AD3d 832, 833-834; Financial Freedom Acquisition, LLC v Unknown Heirs to the Estate of Kenner, 172 AD3d 1173, 1174-1175), it should no longer be followed.
Moreover, "'[a] court's power to dismiss a complaint, sua sponte, is to be used sparingly and only when extraordinary circumstances exist to warrant dismissal'" (Deutsche Bank Natl. Trust Co. v Winslow, 180 AD3d 1000, 1001, quoting Onewest Bank, FSB v Fernandez, 112 [*3]AD3d 681, 682). Here, the plaintiff's failure to comply with the status conference order directing it to file an application for an order of reference was not a sufficient ground upon which to direct dismissal of the complaint (see U.S. Bank N.A. v Stuart, 208 AD3d 824, 825; U.S. Bank N.A. v Salgado, 192 AD3d 1181, 1182).
The Supreme Court properly granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's answer and affirmative defenses, and for an order of reference. Contrary to the defendant's contention, the plaintiff established its standing by attaching a copy of a properly endorsed note to the certificate of merit, which was filed at the same time as the summons and complaint (see Deutsche Bank Natl. Trust Co. v Bowens, 181 AD3d 871, 873). Thus, the plaintiff established that it had physical possession of the note when it commenced the action (see id. at 873). The defendant failed to raise a triable issue of fact in opposition.
Further, the Supreme Court providently exercised its discretion by, in effect, denying that branch of the defendant's cross-motion which was to toll the accrual of interest on the subject mortgage from December 12, 2016, to July 18, 2018. "'A foreclosure action is equitable in nature and triggers the equitable powers of the court'" (Onewest Bank, FSB v Kaur, 172 AD3d 1392, 1393-1394, quoting Rajic v Faust, 165 AD3d 716, 717). "Once equity is invoked, the court's power is as broad as equity and justice require" (Onewest Bank, FSB v Kaur, 172 AD3d at 1394 [internal quotation marks omitted]; see Rajic v Faust, 165 AD3d at 718). "'In an action of an equitable nature, the recovery of interest is within the court's discretion. The exercise of that discretion will be governed by the particular facts in each case, including any wrongful conduct by either party'" (Onewest Bank, FSB v Kaur, 172 AD3d at 1394, quoting BAC Home Loans Servicing, L.P. v Jackson, 159 AD3d 861, 862; see CPLR 5001[a]). Here, the defendant failed to show that the plaintiff engaged in any wrongdoing, or that any delay occasioned by the plaintiff was so egregious as to warrant the tolling of the accrual of interest (see People's United Bank v Patio Gardens III, LLC, 189 AD3d 1622, 1623; Bank of N.Y. Mellon v George, 186 AD3d 661, 664).
The parties' remaining contentions need not be reached in light of our determination.
DILLON, J.P., MILLER, CHRISTOPHER and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court