Bsd 253, LLC v Wilmington Sav. Fund Socy., FSB (2023 NY Slip Op 04430)

Bsd 253, LLC v Wilmington Sav. Fund Socy., FSB

2023 NY Slip Op 04430

Decided on August 30, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 30, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LINDA CHRISTOPHER
WILLIAM G. FORD
LILLIAN WAN, JJ.

2021-06295
 (Index No. 504659/16)

[*1]BSD 253, LLC, plaintiff, 
v
Wilmington Savings Fund Society, FSB, etc., appellant.

Gross Polowy, LLC, Westbury, NY (Stephen J. Vargas of counsel), for appellant.

DECISION & ORDER
In an action pursuant to RPAPL 1501(4) to cancel and discharge of record a mortgage, the defendant appeals from an order of the Supreme Court, Kings County (Devin P. Cohen, J.), dated May 19, 2021. The order, insofar as appealed from, denied those branches of the defendant's unopposed motion which were, in effect, pursuant to CPLR 5015(a) to vacate so much of a prior order of the same court (Paul Wooten, J.) dated February 16, 2018, as granted the plaintiff's unopposed motion for summary judgment on the complaint, to strike the defendant's affirmative defenses, and to cancel and discharge of record the mortgage, and thereupon, to deny the plaintiff's motion.
ORDERED that the order dated May 19, 2021, is reversed insofar as appealed from, on the law and in the exercise of discretion, without costs or disbursements, those branches of the defendant's unopposed motion which were, in effect, pursuant to CPLR 5015(a) to vacate so much of a prior order of the same court dated February 16, 2018, as granted the plaintiff's unopposed motion for summary judgment on the complaint, to strike the defendant's affirmative defenses, and to cancel and discharge of record the mortgage, and thereupon, to deny the plaintiff's motion, are granted, that portion of the order dated February 16, 2018, is vacated, and the plaintiff's motion for summary judgment on the complaint, to strike the defendant's affirmative defenses, and to cancel and discharge of record the mortgage is denied.
In 2009, the defendant's predecessor in interest, OneWest Bank, FSB (hereinafter OneWest), commenced an action (hereinafter the foreclosure action) to foreclose a mortgage on certain real property located in Brooklyn. The borrower defaulted in answering the complaint or otherwise appearing in the action, and on November 16, 2012, the foreclosure court issued an order of reference. On February 13, 2014, the foreclosure court issued a sua sponte order conditionally directing dismissal of the complaint in the foreclosure action pursuant to CPLR 3216 unless [*2]OneWest filed a note of issue or otherwise proceeded by motion for entry of judgment within 90 days. As OneWest did not comply with that condition, the complaint in the foreclosure action was dismissed.
In July 2014, the plaintiff acquired title to the subject property from the borrower and, in 2016, commenced this action pursuant to RPAPL 1501(4) to cancel and discharge of record the subject mortgage. After issue was joined, the plaintiff moved for summary judgment on the complaint, to strike the defendant's affirmative defenses, and to cancel and discharge of record the mortgage (hereinafter the plaintiff's summary judgment motion).
Meanwhile, in the foreclosure action, OneWest moved to vacate the sua sponte order conditionally dismissing the complaint in that action, and to restore that action to the calendar. That motion was pending when, by order in this action dated February 16, 2018, the Supreme Court, inter alia, upon the defendant's failure to file opposition papers, granted the plaintiff's motion, inter alia, for summary judgment on the complaint. The court reasoned that the debt was accelerated upon commencement of the foreclosure action in 2009, that the complaint in the foreclosure action had been dismissed, that no foreclosure action was then pending, and that, six years having passed since the acceleration, any foreclosure action commenced in the future would be untimely.
Based upon this order, which canceled and discharged of record the mortgage, the Supreme Court, by order dated March 15, 2018, denied OneWest's motion in the foreclosure action to vacate the sua sponte order dismissing the complaint in the foreclosure action and to restore that action to the calendar. By decision and order dated September 16, 2020, this Court reversed the March 15, 2018 order in the foreclosure action, and granted OneWest's motion to vacate the sua sponte order and restore the foreclosure action to the calendar (see OneWest Bank, FSB v Singh, 186 AD3d 1388).
The defendant in this action then moved, inter alia, in effect, pursuant to CPLR 5015(a) to vacate so much of the February 16, 2018 order as granted the plaintiff's motion, inter alia, for summary judgment, and thereupon, to deny the motion. By order dated May 19, 2021, the Supreme Court, among other things, denied those branches of the defendant's motion, and the defendant appeals.
CPLR 5015(a)(5) permits a court which rendered an order to relieve a party from the order where there has been a "reversal, modification or vacatur of a prior judgment or order upon which it is based." Moreover, a court has the inherent power to grant a motion to vacate its own judgment or order "'for sufficient reason, in furtherance of justice'" (56 Marquis v Mosello, 239 AD2d 544, 544-545, quoting Ladd v Stevenson, 112 NY 325, 332).
"Pursuant to RPAPL 1501(4), a person having an estate or interest in real property subject to a mortgage may maintain an action to secure the cancellation and discharge of the encumbrance, and to adjudge the estate or interest free of it, if the applicable statute of limitations for commencing a foreclosure action has expired" (Retemiah v Bank of N.Y. Mellon, 195 AD3d 649, 650; see RPAPL 1501[4]). Here, in light of our determination in OneWest Bank, FSB v Singh (186 AD3d 1388), restoring the foreclosure action to the calendar, the plaintiff could not demonstrate as a matter of law that the statute of limitations had expired (see Retemiah v Bank of N.Y. Mellon, 195 AD3d at 650; Bythewood v Renaissance Mtge. Acceptance Corp., 187 AD3d 1121).
Accordingly, the Supreme Court should have granted those branches of the defendant's motion which were, in effect, pursuant to CPLR 5015(a) to vacate so much of the February 16, 2018 order as granted the plaintiff's motion, inter alia, for summary judgment, and thereupon to deny the plaintiff's motion.
IANNACCI, J.P., CHRISTOPHER, FORD and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court