HSBC Bank USA, N.A. v Trabolsi (2024 NY Slip Op 02179)

HSBC Bank USA, N.A. v Trabolsi

2024 NY Slip Op 02179

Decided on April 24, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 24, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
LINDA CHRISTOPHER
CARL J. LANDICINO, JJ.

2020-07410
2021-00916
 (Index No. 7392/08)

[*1]HSBC Bank USA, N.A., appellant,
v
Robert Trabolsi, et al., defendants, Deborah Trabolsi, respondent.

Phillips Lytle LLP, Buffalo, NY (Sean C. McPhee of counsel), for appellant.
Alan McGeorge, Nanuet, NY, for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from (1) an order of the Supreme Court, Rockland County (Sherri L. Eisenpress, J.), entered September 10, 2020, and (2) a judgment of the same court entered January 19, 2021. The order, insofar as appealed from, denied those branches of the plaintiff's motion which were to vacate an order of the same court entered September 6, 2019, sua sponte, inter alia, confirming a referee's report and directing dismissal of the complaint pursuant to 22 NYCRR 202.27, to reject the referee's recommendation to dismiss the complaint, and to restore the action to the active calendar. The judgment, upon the order entered September 10, 2020, is in favor of the defendants and against the plaintiff dismissing the complaint and directing the County Clerk, Rockland County, to cancel and discharge a notice of pendency.
ORDERED that the appeal from the order entered September 10, 2020, is dismissed; and it is further,
ORDERED that the judgment is reversed, on the law, those branches of the plaintiff's motion which were to vacate the order entered September 6, 2019, to reject the referee's recommendation to dismiss the complaint, and to restore the action to the active calendar are granted, the complaint is reinstated, and the order entered September 10, 2020, is modified accordingly; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The appeal from the order entered September 10, 2020, must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]; Matter of Aho, 39 NY2d at 248).
The plaintiff commenced this action against the defendants Robert Trabolsi and Deborah Trabolsi (hereinafter together the defendants), among others, to foreclose a mortgage encumbering certain real property located in Blauvelt. The defendants failed to answer the complaint [*2]or otherwise appear in the action and the plaintiff moved for leave to enter a default judgment against them and for an order of reference, which motion was granted by an order entered April 21, 2009. In June 2009, the Supreme Court issued a judgment of foreclosure and sale and later issued an amended judgment of foreclosure and sale in October 2009.
In October 2018, the plaintiff moved, inter alia, to vacate the order of reference and the amended judgment of foreclosure and sale, for a new order of reference, and to deem an August 2016 notice of pendency timely filed nunc pro tunc. The defendants did not oppose the motion. By order entered April 10, 2019, the Supreme Court granted those branches of the plaintiff's unopposed motion which were to vacate the order of reference and the amended judgment of foreclosure and sale. The court reserved decision on the remaining branches of the motion and appointed a referee to hear and report, among other things, as to whether the complaint should be dismissed for the plaintiff's delay in proceeding in the action between October 2009 and October 2018. By order entered September 6, 2019 (hereinafter the September 2019 order), the court, sua sponte, inter alia, confirmed a referee's report recommending dismissal of the complaint, and directed dismissal of the complaint pursuant to 22 NYCRR 202.27 and vacatur of the notice of pendency. The plaintiff then moved, inter alia, to vacate the September 2019 order, to reject the referee's recommendation to dismiss the complaint, and to restore the action to the active calendar. In an order entered September 10, 2020, the court, among other things, denied those branches of the plaintiff's motion. By judgment entered January 19, 2021, upon the order entered September 10, 2020, the court dismissed the complaint and directed the County Clerk to cancel and discharge the notice of pendency. The plaintiff appeals.
Although raised for the first time on appeal, this Court may reach the plaintiff's contention that the Supreme Court was without authority to direct dismissal of the complaint pursuant to 22 NYCRR 202.27 on the ground of undue delay since it constitutes a pure question of law appearing on the face of the record that could not have been avoided if it had been raised at the proper juncture (see Wells Fargo, N.A. v Parker, 210 AD3d 1128, 1129).
"A court's power to dismiss a complaint, sua sponte, is to be used sparingly and only when extraordinary circumstances exist to warrant dismissal" (Onewest Bank, FSB v Fernandez, 112 AD3d 681, 682 [internal quotation marks omitted]). CPLR 5015(a) provides that a court "which rendered a judgment or order may relieve a party from it upon such terms as may be just." In addition to the specific grounds set forth in CPLR 5015(a), a court may, in its discretion, vacate its own judgment "for sufficient reason and in the interests of substantial justice" (Woodson v Mendon Leasing Corp., 100 NY2d 62, 68).
Where, as here, a plaintiff appears for a scheduled hearing before a referee, 22 NYCRR 202.27 provides no basis for the court to direct dismissal of the complaint on the grounds of undue delay, despite the plaintiff's failure to comply with certain directives of the court (see U.S. Bank N.A. v Bhagwandeen, 216 AD3d 700, 701-702; Deutsche Bank Trust Co. Ams. v Gonzales, 215 AD3d 636, 638). As this Court held in Deutsche Bank Trust Co. Ams. v Gonzales (215 AD3d at 638), to the extent our case law is to the contrary (see Citimortgage, Inc. v Rahman, 193 AD3d 810; Shah v Uh, 184 AD3d 696, 697; Financial Freedom Acquisition, LLC v Unknown Heirs to the Estate of Kenner, 172 AD3d 1173, 1174-1175; Geffner v Mercy Med. Ctr., 167 AD3d 571; Yi Jing Tan v Liang, 160 AD3d 786, 787), it should no longer be followed.
The plaintiff's remaining contentions are improperly raised for the first time on appeal.
Accordingly, the Supreme Court should have granted those branches of the plaintiff's motion which were to vacate the September 2019 order, to reject the referee's recommendation to dismiss the complaint, and to restore the action to the active calendar.
DILLON, J.P., DUFFY, CHRISTOPHER and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court