Federal Natl. Mtge. Assn. v Davis (2025 NY Slip Op 04232)

Federal Natl. Mtge. Assn. v Davis

2025 NY Slip Op 04232

Decided on July 23, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 23, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LINDA CHRISTOPHER
BARRY E. WARHIT
JANICE A. TAYLOR, JJ.

2021-05980
 (Index No. 711905/20)

[*1]Federal National Mortgage Association, appellant, 
v
Sheldon Davis, defendant-respondent, et al., defendants, 108-44 Liverpool Street, LLC, nonparty-respondent.

Robertson, Anshutz, Schneid, Crane & Partners, PLLC, Westbury, NY (Joseph F. Battista, Jeremy D. Kaufman, and Sean Howland of counsel), for appellant.
Biolsi Law Group, P.C., New York, NY (Steven Alexander Biolsi of counsel), for defendant-respondent.
McLaughlin & Stern, LLP, Garden City, NY (Todd Harris Hesekiel and Andrew J. Luskin of counsel), for nonparty-respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Queens County (Robert I. Caloras, J.), entered July 9, 2021. The order, insofar as appealed from, denied those branches of the plaintiff's motion which were pursuant to CPLR 5015(a) to vacate a prior order of the same court (Martin J. Schulman, J.) dated March 30, 2016, sua sponte, directing dismissal of the complaint without prejudice and directing the Queens County Clerk to cancel and discharge a notice of pendency, and to restore the action to the active calendar, and granted the motion of nonparty 108-44 Liverpool Street, LLC, pursuant to CPLR 6514 to cancel a notice of pendency.
ORDERED that the order entered July 9, 2021, is modified, on the law and in the exercise of discretion, by deleting the provision thereof denying those branches of the plaintiff's motion which were to vacate the order dated March 30, 2016, and to restore the action to the active calendar, and substituting therefor a provision granting those branches of the motion; as so modified, the order entered July 9, 2021, is affirmed insofar as appealed from, without costs or disbursements.
On December 3, 2009, the plaintiff, Federal National Mortgage Association, commenced this action against the defendant Sheldon Davis (hereinafter the defendant), among others, to foreclose a mortgage encumbering certain real property located in Queens (hereinafter the property) and, on the same date, filed a notice of pendency. By order dated July 6, 2010, the plaintiff's application for an order of reference was denied with leave to renew subsequent to a conference being held in the Residential Foreclosure Part. On November 30, 2012, the plaintiff filed a "renewal notice of pendency" (hereinafter the 2012 notice of pendency). Thereafter, pursuant to a status conference order dated September 16, 2015 (hereinafter the status conference order), the plaintiff was directed, inter alia, to file an application for an order of reference or the next applicable application by a date certain. In an order dated March 30, 2016, based on the plaintiff's failure to [*2]comply with the terms of the status conference order, the Supreme Court, sua sponte, directed dismissal of the complaint without prejudice and directed the Queens County Clerk to cancel and discharge the 2012 notice of pendency (hereinafter the dismissal order).
On March 3, 2020, the plaintiff filed a "renewal notice of pendency" (hereinafter the 2020 notice of pendency). Thereafter, on March 17, 2020, the defendant deeded the property to nonparty 108-44 Liverpool Street, LLC (hereinafter Liverpool).
In September 2020, the plaintiff moved, among other things, pursuant to CPLR 5015(a) to vacate the dismissal order and to restore the action to the active calendar. In March 2021, Liverpool moved pursuant to CPLR 6514 to cancel the 2020 notice of pendency. In an order entered July 9, 2021, the Supreme Court, inter alia, denied those branches of the plaintiff's motion and granted Liverpool's motion. The plaintiff appeals.
"[A] court's power to dismiss a complaint, sua sponte, is to be used sparingly and only when extraordinary circumstances exist to warrant dismissal" (Deutsche Bank Trust Co. Ams. v Gonzales, 215 AD3d 636, 638 [internal quotation marks omitted]). "Here, the plaintiff's failure to comply with the status conference order directing it to file an application for an order of reference was not a sufficient ground upon which to direct dismissal of the complaint" (id.; see HSBC Bank USA, NA v Sung Eun Oh, 225 AD3d 841, 842). Moreover, contrary to the defendant's contention, under the circumstances, 22 NYCRR 202.27 did not provide a basis for the dismissal of the complaint (see Deutsche Bank Trust Co. Ams. v Gonzales, 215 AD3d at 638). Therefore, the Supreme Court should have granted those branches of the plaintiff's motion which were pursuant to CPLR 5015(a) to vacate the dismissal order and to restore the action to the active calendar (see Deutsche Bank Trust Co. Ams. v Gonzales, 215 AD3d at 638).
Nevertheless, the Supreme Court properly granted Liverpool's motion pursuant to CPLR 6514 to cancel the 2020 notice of pendency, as the plaintiff was without authority to file a "renewal notice of pendency" where, as here, the court directed dismissal of the complaint (see id.; Freidus v Sardelli, 192 AD2d 578, 580).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
DUFFY, J.P., CHRISTOPHER, WARHIT and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court